JOHN WEIGHTMAN *et al.*, Plaintiffs in Error, *v.* REUBEN HATCH, Defendant in Error.

ERROR TO TAZEWELL.

A party has a right to the same remedies to enforce the collection of a decree in chancery, for a specific sum of money, that he has to enforce a judgment at law; and he may remove fraudulent conveyances out of the way of his execution.

A bill may be filed to remove fraudulent incumbrances or conveyances, as soon as judgment is obtained, without proceeding to obtain satisfaction out of other property.

THIS was a bill in chancery filed in the Tazewell Circuit Court, 15th March, 1852, by Reuben Hatch against John Preston and John Weightman, to set aside a deed made by Preston to Weightman of certain lands situate in said county, which was alleged by complainant to be fraudulent and void, as against the creditors of Preston.

The bill sets out, that at the October term, A. D. 1851, of the Pike Circuit Court, in a certain cause, on the chancery side of said court, wherein the said Hatch was complainant, and the said John Preston and others were defendants, the said Hatch, by decree of said court, recovered of said Preston the sum of

three thousand and sixty-nine dollars and fifty cents, and which was, by the decree of said court, ordered to be paid by said Preston into the hands of the master in chancery of said court, within thirty days from the date of the decree, together with legal interest and costs to be taxed by the clerk ; and, in default thereof, an execution was to issue therefor, as in·cases at law ; and that the decree should be a lien on the real and personal estate of said Preston — an exemplified copy of which decree was made an exhibit in the cause.

The bill further charges, that said Preston did not pay the sum in said decree ordered to be paid by him to the master in chancery, nor any part thereof, nor at any other time ; that, thereupon, complainant caused an execution to be issued against the said Preston, for said sum, which was directed to the sheriff of Pike county, to be executed ; and that the same was returned wholly unsatisfied, no property found by said sheriff—an exemplified copy of which was also made an exhibit in the cause.

The bill further charges, that the said Preston was wholly insolvent, and that he had no property of which said debt could be made, except as thereinafter specified ; and that, at the time said complainant commenced his suit in the Pike County Circuit, against said Preston and others, said Preston was the owner, in fee simple, of a large quantity of real estate lying mostly in Tazewell county ; that said Preston continued to hold said real estate in his own name, until about the 20th Sept., 1851, at which time, the bill charges, he made a colorable and fraudulent conveyance of the same to said Weightman, for the purpose of hindering, delaying and defeating complainant in the collection of the decree, which complainant was about to obtain against the said Preston, as aforesaid.  The bill further states, that complainant's suit, in the Pike Circuit Court, was commenced on 8th March, 1848, and that the same was not brought to a hearing on the merits until the March term, 1851.  On the 16th of July, 1851, an interlocutory decree was filed in the cause, from which it was clearly to be ascertained that the said Preston would be found debtor to the complainant in a very large amount.

The bill further charges, that the said defendant, foreseeing, from said interlocutory decree, that a final decree would be entered against him, in said cause, for a very large amount, for the purpose and intent of placing his property beyond the reach of an execution which might be awarded for the purpose of satisfying the same, on the 20th Sept., 1851, colorably and fraudulently conveyed, to John Weightman, a large amount of real estate, in the bill particularly described, all lying in Tazewell county, the consideration, expressed in the deed from Preston to Weightman, being only five hundred and twenty dollars.  The

bill further charges that said consideration was colorable only, and wholly inadequate compared with the value of the lands; that said lands were worth from three to five thousand dollars at the time of conveyance.

The bill then charges, in the alternative, either that said conveyance was fraudulent, and intended to delay complainant from obtaining satisfaction of his decree, or that said conveyance was only intended by said Preston to clothe said Weightman with. the legal estate in said lands, to enable said Weightman to sell and dispose of the same with greater facility, as the agent or trustee of said Preston, and as such trustee or agent to account to Preston for the proceeds thereof, the equitable and beneficial interest still remaining in said Preston.    The bill charges either one state of the case or the other to be true, in regard to said conveyance of said lands; and, in either state of the case, the bill charges that said lands and the proceeds thereof should be applied in satisfaction of said decree.

The bill charges, that since the conveyance of lands above mentioned from Preston to Weightman, said Weightman had conveyed certain portions of these lands to one Albert Parker, for the consideration of two hundred and twenty-five dollars, to wit: east half north-west quarter, and west half north-west quarter, north-east quarter, Sec. 35, Town. 25 N., R. 2 W.

The bill charges that complainant then caused an execution to issue upon said decree rendered in Pike county Circuit Court, directed to the sheriff of Tazewell county, Illinois, and which, by the sheriff of said county, has been levied upon the lands before described as conveyed by Preston to Weightman, except the lands conveyed by Weightman to said Parker; that said execution bears date the 8th March, 1852, the levy and certificate thereof filed with the recorder of said county, 13th March, 1852; that the conveyance from Preston to Weightman stands in the way of said execution, and is a hindrance to the satisfaction of complainant's decree, by reason of the doubt which would be thereby thrown over any proceedings against said lands, under said execution; and prays the assistance of the court in the premises, and that Weightman and Preston may be made defendants to the bill, and then calls upon them to answer specifically the interrogations.

The bill then prays that, upon proof of the matters in the bill alleged, the lands conveyed by Preston to Weightman, except those conveyed to Parker, may be subjected to the satisfaction of complainant's debt, interest, costs, &c.

Weightman filed his separate answer, in substance as follows: Denies all knowledge of the cause in Pike county Circuit Court, referred to in plaintiff's bill, and denies all knowledge of any

decree rendered therein.   That he does not know whether the paper filed with the bill, described as a certified copy of said decree, is a copy thereof or not; that he knows nothing of the date of said decree, if any there was, nor if the said Preston had paid the master in chancery of Pike county Circuit Court the amount of said decree; that he knows nothing of the issuing and execution, or of a levy, or if property was found or not; that he knows nothing touching the solvency or insolvency of said Preston, nor does he know that complainant had an execution against said Preston—knows nothing of the residence of Preston at the time of filing the bill, but that he now resides in Pekin—knows not into whose hands the execution, if any, was placed, or what has become of it, whether it was presented to Preston, or whether sheriff found property belonging to Preston or not, but demands proof of all the above matters.   Says that he knows nothing of Preston's circumstances, whether he is totally insolvent, partially insolvent, or very wealthy; that he knows nothing of Preston's property, and whether complainant is remediless or not; that he does not know when complainant commenced his suit in the Pike county Circuit Court—believes that for many years Preston has been owner of real estate in Tazewell county—denies that Preston continued to hold the same in his own name until Sept., 1851, but is informed and believes that, some months before that time, Preston sold all of said lands in the bill described, to John A. Jones, for the consideration of one dollar per acre, and received his pay therefor, all of which took place before respondent knew anything of said lands or defendant, Preston, and before he even heard of complainant or his Pike county suit.   That, before the purchase by respondent from Preston, the sale from Preston to Jones was rescinded by mutual agreement; that the charge in the bill, in which it is stated that on the 20th Sept., 1851, the said Preston colorably and fraudulently conveyed the premises in the bill described, is false.   Whatever reason, private or otherwise, induced Preston to make sale thereof to respondent, over and above the consideration at the time paid by respondent, and agreed to be paid, respondent is ignorant.

As to the charge that the consideration paid for said land, and to be paid, was only colorable and entirely inadequate, and the lands were worth from three to five thousand dollars, respondent can only answer, that he is ignorant as to what would be the value of the lands, if no shadow rested upon the title; that, when respondent purchased the land, he did so at the suggestion of a disinterested person, knowing nothing of the land himself, or the title thereto.   Respondent denies all knowledge of any fraud in the conveyance from Preston to him, or any intention

to hinder and delay complainant from getting satisfaction of his decree. Denies all knowledge of any intention on the part of Preston to clothe respondent with the legal title in said land, to enable respondent to sell the same, as agent or trustee, the beneficial interest remaining in Preston. Admits that he has conveyed, to Albert Parker, the east half north-west quarter, and west half north-west quarter, north-east quarter of Sec. 35, in T. 25, Range 2 W., for the nominal sum of $225, and received in part payment therefor a horse, at much more than its cash value. Knows nothing of an execution, in favor of complainant, against Preston, issued from Pike county to the sheriff of Tazewell county, nor of its levy upon the lands, nor of any steps taken in relation thereto. Admits that the conveyance from Preston to respondent stands in the way of complainant's execution and satisfaction of his decree, by reason of the cloud thrown thereby over any proceedings against said lands under said execution. Denies that there was any further or other understanding, between Preston and respondent, than that already stated.

To the foregoing answer complainant filed his general replication.

Preston having failed to answer, the bill was taken for confessed as to him.

The decree in this case was ordered by DAVIS, Judge, at May term, 1853, of the Tazewell Circuit Court, setting aside the deed from Preston to Weightman, except as to land conveyed by Weightman to Parker.

J. ROBERTS, for Plaintiffs in Error.

W. HAY, for Defendant in Error.

CATON, J. This is a creditor's bill filed by Hatch, against Weightman and Preston, to set aside an alleged fraudulent conveyance, made by Preston to Weightman. Notwithstanding the very able and learned argument for the plaintiffs in error, after a full consideration of all the objections, we find we must affirm the decree excepting as to one hundred and sixty acres of the land which Weightman had sold to Duval, and twenty acres sold to Bogle, neither of whom were made defendants to the bill, and as against whom no decree should have been made.

The bill alleges that the complainant had obtained a decree in a suit in chancery in the Pike Circuit Court, against Preston, for $3069.50 and costs, on which he had an award of execution; that an execution had been issued to Pike county and returned *nulla bona;* that an alias execution had been issued to Tazewell

county, and levied upon the land in question; that Preston had previously conveyed the land to Weightman, by a colorable conveyance and without an adequate consideration, and for the purpose of defrauding his creditors, and prays that the conveyance may be set aside, and the lands subjected to the payment of the decree referred to above. As to Preston, the bill was taken for confessed. Weightman answered on oath, denying the fraud, and showing that he had conveyed to other parties, portions of the land as above stated, in good faith. Those grantees have not been made defendants to this bill. We think the evidence is quite sufficient to overcome the defendants' answer, and to show that the conveyance to him was not made upon a bona fide sale. He distinctly stated to at least two witnesses on different occasions, that he held the lands in trust for Preston, and from his statements it very clearly appears that that conveyance was made because of Preston's embarrassments, and to put the property beyond the reach of his creditors. Upon the hearing the complainant attempted to prove the alias execution as alleged in the bill by parole proof of its contents, after having attempted to explain its absence. This explanation was not sufficient, and were proof of that execution necessary to entitle the complainant to the relief sought, the decree would have to be reversed. But that averment was not necessary in the bill and it was not necessary to prove it on the hearing. A party has a right to the same remedies to enforce the collection of a decree in chancery for a specific sum of money, which he has to enforce a judgment at law. Our statute gives him an execution upon such a decree, the same as upon a judgment at law, and he must have the same right to remove out of his way fraudulent conveyances. For all the purposes of this bill, therefore, that suit must be regarded the same as a judgment at law. Where a party seeks to remove a fraudulent conveyance or incumbrance out of the way of his execution, he may file his bill for that purpose so soon as he has obtained his judgment, and before he has made any effort to satisfy his judgment out of other property of the creditor. I cannot do better than to quote what was said on this subject by this court in the case of *Miller et al.* v. *Davidson*, 3 Gilman 518. " Where a creditor seeks to satisfy his debt out of some equitable estate of the defendant, which is not liable to a levy and sale under an execution at law, then he must exhaust his remedy at law, by obtaining judgment and getting an execution returned *nulla bona*, before he can come into a court of equity for the purpose of reaching the equitable estate of the defendant, and this is necessary to give the court jurisdiction, for otherwise it does not appear but that the party has a complete remedy at law. This is what may be

strictly termed a creditor's bill. There is another sort of creditor's bill very nearly allied to this, yet where the plaintiff is not bound to go quite so far before he comes into this court, and that is where he seeks to remove a fraudulent incumbrance out of the way of his execution. There he may file his bill as soon as he obtains his judgment." Whether our statute, which subjects equitable-interests in land to sale on execution, has done away with this distinction, it is unnecessary now to inqure. It is enough for this case that it came strictly within the rule that prevailed before that statute, which allowed the party to file his bill to remove a fraudulent conveyance, without showing that he could not obtain satisfaction out of other property of the defendant. As to him, the conveyance being void, the creditor has the right to place himself in the same position which he would have occupied had it never been made, and first seek satisfaction out of this land. The grantee's title being tainted by fraud, he has no right to say that all other means to satisfy the debt shall be exhausted, before he shall be disturbed in his title. In this case, then, the complainant was not bound to issue any execution, whatever. He was as much entitled to the relief asked, without it as with it. It was an immaterial averment in the bill, and not necessary to be proved at the hearing.

Again, it is objected that the complainant did not show a complete record of the suit in the Pike Circuit Court. This was not necessary; the decree alone was sufficient, *prima facie*, to entitle the complainant to relief, the balance of the case being made out. That would have been sufficient to have maintained an action of debt, upon the decree. The complainant was not bound to show that the decree had never been set aside, reversed or satisfied. That was for the other party to show in his defence, were it true.

We are of opinion that the decree as amended in the Circuit Court must be affirmed so far as it annuls and sets aside the conveyance of Preston to Weightman, except as to those tracts of land sold to Duval, amounting to one hundred and sixty acres, and the tract of twenty acres sold to Bogle, as to which it must be reversed. Also, that portion of the decree which directs the sheriff to proceed to sell under the execution from the Pike Circuit Court, for the reason that we find the proof of that execution to be insufficient. Each party must pay one-half of the costs of this writ of error.