LOUIS FUSZE ET AL.

V.

CHRISTIAN STERN ET AL.

</div>

1. CREDITOR'S BILL.—Where a bill is filed by a creditor, who having recovered a judgment against his debtor, seeks to remove a fraudulent conveyance or incumbrance out of the way of an execution issued or to be issued upon such judgment, the complainant need not even prove the return of execution *nulla bona*, as such conveyances are void by the statute, and

courts of equity do not hesitate to declare them void because of such fraud, and place the creditor in the same position respecting his judgment that he would have occupied if such conveyance had not been made.

2. SAME.—After judgment against two defendants and execution returned *nulla bona*, after demand, and a special execution thereupon issued against land alleged to have been fraudulently conveyed by one of the defendants, a bill will lie to remove the fraudulent conveyance out of the way of the said execution, and may at the same time include a prayer for the discovery of money or personal property in the hands of another party for the benefit of the other defendant, notwithstanding the existence of the special execution at the time.

APPEAL from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding. Opinion filed November 27, 1885.

" This is a bill in equity filed by Louis Fusze and Mathias Backer, as late partners, against Christian Stern, Mary A. Stern and Nicholas Staub, defendants, the material averments being that complainants recovered a judgment in the St. Clair Circuit Court on the 18th day of April, 1885, against Frederick Backer and Christian Stern, late partners, for the sum of $33,050.79; that in said suit an attachment writ was issued against Stern, upon an affidavit averring a fraudulent assignment of his property within two years, and levied upon certain real estate described in the bill. That Stern appeared and defended, denying the cause alleged for the attachment as well as pleading to the merits, and upon trial both issues were found against him and judgment rendered as above stated. That complainants had caused a general execution to be issued upon said judgment against both defendants, which was returned, no property found, after demand upon them by the sheriff. That, thereupon, they caused a special execution to be issued against the real estate attached, which writ of special execution was in the hands of the sheriff at the time of exhibiting their bill herein. The bill then avers that the defendant firm in the judgment is entirely insolvent; that before the levy of said attachment writ upon said real estate, but during the existence of said indebtedness, the defendant Stern conveyed said lands to the defend-

ant in the bill, Nicholas Staub, for a pretended consideration
of $13,000, but that such conveyance was a mere sham and
without consideration, and made with intent and design to pre-
vent the complainants from collecting said debt, and that said
Staub holds the title to said land in trust for said Stern.   The
bill then charges that said Christian Stern has no property
known to the complainants subject to execution, but has a large
amount of personal property and money concealed for the
purpose of preventing the collection of complainants' judg-
ment, which money and personal property the bill avers to be
in the possession of his wife, the said Mary A. Stern, who holds
it in trust for the said Christian and for his use and benefit.
Avers the insolvency of the firm of Stern & Backer and of
said Frederick Backer, and prays that said fraudulent convey-
ances to said Staub may be removed out of the way of said
special execution, to the end that the said real estate may be
sold thereon, and that the money and personal property held
by Mrs. Stern may be made subject to the payment of the
same and for general relief.

The defendants appeared and filed a general demurrer to
the bill, which was sustained by the court, and the complain-
ants abiding by their bill, the same was dismissed and they ap-
pealed to this court.

Messrs. TURNER & HOLDER, for appellants.

Messrs. WILDERMAN & HAMILL, for appellees.

PILLSBURY P. J.   The only point made in support of the de-
cree of the court below in dismissing the bill is, that as it is
averred that a special execution was still in the hands of the
sheriff at the time of exhibiting the bill, the court had no
jurisdiction of the cause in equity, as it did not appear com-
plainants had exhausted their legal remedy.   An examination
of the bill discloses that two grounds are relied upon for
equitable relief ; first, that the fraudulent conveyance to Staub
of the real estate, is an obstacle to the free and unobstructed
right of the complainants to expose the real estate to sale upon
their execution, and second, the discovery of the money and

personal property alleged to be in the custody and control of his wife for the use and benefit of said Christian, one of the judgment debtors.

There are several kinds of original bills known to our laws, wherein courts of equity entertain jurisdiction to aid a creditor in obtaining satisfaction of his claim from his debtor, and which are generally denominated creditors' bills, not only by the members of the legal profession, but by the courts as well, as where a debtor seeks to satisfy his debt out of some equitable estate of the defendant which is not subject to levy and sale under an execution at law; then before he can have the aid of a court of equity to decree the *equitable* estate, subject to the payment of his debt, the creditor must show by his bill, as in other cases where invoking equitable jurisdiction, that he has no adequate remedy at law, which can only be shown by alleging and proving that he has exhausted all the means provided by the law for the collection of his debt, viz., a recovery of judgment, the issuing of execution and its return *nulla bona* by the officer charged with its collection. Another kind of bill analogous to this is where the creditor, having recovered judgment against his debtor, seeks to remove a fraudulent conveyance or incumbrance out of the way of an execution issued or to be issued upon such judgment. In such case equity will afford relief on the ground that such judgment is an equitable lien upon real estate, nominally held by a third party under such fraudulent conveyance, and the creditor having this lien is entitled to levy upon and sell upon his execution such real estate discharged and untrammeled from the cloud upon it caused by such conveyance.

In bills of this kind the complainant need not even prove the return of execution *nulla bona*, as such conveyances are void by the statute, and courts of equity do not hesitate to declare them void because of such fraud, and place the creditor in the same position, respecting his judgment, that he would have occupied if such conveyance had not been made.

A recovery of a judgment which at time of filing the bill would, in absence of such conveyance, be a legal lien under the statute upon the land, is all that is necessary to aver and

prove. Miller v. Davidson, 3 Gil. 518.; Wightman v. Hatch, 17 Ill. 281 ; Shufeldt v. Boehm, 96 Ill. 561.

In another class of cases, where the creditor seeks to satisfy his claim out of a fund charged with its payment, and which can only be reached by proceedings in chancery, he may file his bill and establish his claim in that suit without having reduced it to a judgment at law. Russell v. Clark, Ex. 7 Cranch, 87 ; Shufeldt v. Boehm, *supra*.

The bill in this case partakes of the character of the two first above mentioned in that it asks to have the conveyance to Staub removed as fraudulent, and also seeks for the discovery of assets of defendant, Christian Stern, in the possession of his wife.

The facts stated in the bill are in our view sufficient, under the strictest rule applying to creditors' bills, to entitle complainants to the relief prayed. A judgment against the debtor firm was rendered, a general execution awarded and issued thereon, a demand by the officer for payment which was refused and return by him unsatisfied. This is all that the law requires to give a court of equity jurisdiction to aid the creditors in the discovery of assets held by any one else in trust for them or either of them, and the fact that a special execution is in the hands of the sheriff, upon which the real estate attached may be sold when the fraudulent conveyance to Staub shall be removed, can in no way affect the rights of Mrs. Stern in the matter, as that execution, being special, is not a lien upon the money and personal property held by her, and could not be levied upon by virtue of it ; but as the complainants have a right to call to their aid the power of a court of chancery to remove out of the way of such execution the obstruction to its effectual enforcement, created by the fraud of the judgment debtor, no reason is perceived why he may not include in the same bill a prayer for the discovery of property in her hands. Besides, as we have seen, the facts averred give the court jurisdiction without the issuing of the special execution, and that averment may be treated as surplusage. Wightman v. Hatch, *supra*. And even if still in the hands of the officer it would not seem in any degree to affect the

question of jurisdiction.    Weis v. Turnan, 91 Ill. 29 ; Lawson v. Funk, 108 Ill. 503.

But even if it should be held as affecting the right to call upon Mrs. Stern to make discovery, the bill is good upon the first ground shown for relief, and a general demurrer by all the defendants should have been overruled.    Gooch v. Green, 102 Ill. 507.

The decree of the court below will be reversed and the cause remanded, with direction to overrule the demurrer and for further proceedings.

<div align="right">Reversed and remanded.</div>