## JOHN R. BINNIE
## v.
## JOHN D. WALKER.

*Fraudulent Conveyances—Bill to Set Aside—Evidence—Execution.*

Upon a bill filed by a judgment creditor to set aside, as fraudulent, the conveyance by the judgment debtor of certain lots, it is *held:* That the evidence sustains the decree for complainant; and that, to support the action, an execution returned *nulla bona* was not necessary.

[Opinion filed May 24, 1887.]

IN ERROR to the Circuit Court of McDonough County; the Hon. C. J. SCHOFIELD, Judge, presiding.

Messrs. C. F. WHEAT and PRENTISS & BAILY, for plaintiff in error.

The evidence of all facts necessary to sustain the decree should have been preserved, either in the decree or by a certificate of evidence; and if sufficient evidence is not found in the record, the case should be reversed. Wolf v. Ogden, 66 Ill. 224; Mess. v. McCall, 75 Ill. 190; Pankey v. Raum, 51 Ill. 88; Brooks v. Martin, 64 Ill. 389.

Messrs. VOSE & SHERMAN, for defendant in error.

In a naked bill to set aside a fraudulent conveyance, as an impediment to an execution, it is not the law—as counsel for

plaintiff in error ·insist—that efforts shall be first made to collect the debt from personalty, or that execution be returned *nulla bona;* bill may be filed instantly after recovery of judgment. Weightman v. Hatch, 17 Ill. 281; Miller v. Davidson, 3 Gilm. 518; Beach v. Bestor, 45 Ill. 341; Greenway v. Thomas, 14 Ill. 271; Newman v. Willets, 52 Ill. 101; Fusze v. Stern, 17 Ill. App. 429.

If a special finding of facts is embodied in the decree, and such facts are sufficient to sustain the decree—in the absence of a certificate of the Judge or a bill of exceptions signed and sealed by him that all the evidence heard upon the trial appears in the record filed in this court—this is conclusive. Allen v. LeMoyne, 102 Ill. 25; Walker v. Abt, 83 Ill. 231; McIntosh v. Saunders, 68 Ill. 128; Davis v. American and F. C. U., 100 Ill. 313; Groenendyke v. Coffeen, 109 Ill. 325; James v. Dexter, 113 Ill. 654; Kelsey v. Starkey, 11 Ill. App. 84.

PLEASANTS, P. J. This was a bill filed by Walker as a judgment creditor of William Binnie, to set aside as fraudulent his conveyance of certain lots described, embracing all his real estate, to his son and co-defendant, the plaintiff in error. A decree was entered as prayed for.

Questions of fact only are involved. The conveyance was made before the judgment was recovered, and it is said the evidence fails to show either of the essential facts; namely, that complainant was then a creditor of William Binnie, and that the latter had not other property, subject to execution and sufficient to satisfy the claim, and that John R. participated in his fraudulent purpose to hinder its collection, if any such there was.

It does not appear that the evidence contained in the record is all that was produced on the hearing, and yet, we think, there is enough to sustain the decree. William told Walker that if he (Walker) beat him on the judgment, he (William) would beat him on the execution, and though the date of this statement is not given, the fair inference is that the claim against him was then in existence and the conveyance had not been

made.   He also told Maxwell, and at another time Harrocks, that he had made it because of this threatened judgment, which would justify the further inference that he believed it had defeated the execution; in other words, that he had not other property subject to it and sufficient to satisfy it, especially since the statement last mentioned was made to another creditor who held an unrecorded mortgage upon part of the premises so conveyed, by way of excuse for executing a deed and putting it on record ahead of that mortgage.   Harrocks further testified that John R. was present at their conversation, and that fact is sufficient, in view of his relation to William, to charge him with participation in the latter's purpose to hinder Walker in the collection of his debt.   Other circumstances, connected with the alleged consideration for the conveyance, tend to prove the same, but it is unnecessary to state them.

In a bill of this character it is not requisite to show that complainant had an execution returned *nulla bona*.   The recovery of a judgment, with right to have execution, is sufficient.   Weightman v. Hatch, 17 Ill. 281, 286; Beach v. Bestor, 45 Ill. 341, 346; Newman v. Willetts, 52 Ill. 101; Fusze v. Stern, 17 Ill. App. 429.

*Decree affirmed.*