## First National Bank, Lapeer, Michigan, v. Simcoe Chapman et al.

1. BILL IN AID OF EXECUTION—*Necessary Allegations.*—In a bill to remove alleged fraudulent conveyances out of the way of an execution issued upon a judgment recovered by the complainant, it is not necessary to allege the return of an execution. It is sufficient to allege that the complainant obtained judgment and that the conveyances set forth in the bill were fraudulent.

**Bill to Remove a Fraudulent Conveyance.**—Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Hearing on general demurrer and bill dismissed. Appeal by complainant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed June 29, 1898.

GEORGE B. POWER and S. LAING WILLIAMS, attorneys for appellant.

No appearance for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The bill of complaint in this case was filed to remove alleged fraudulent conveyances out of the way of an execution issued upon a judgment recovered by the complainant. The bill sought no other relief. It was, however, alleged in the bill that an execution had issued on the judgment, and that afterward an alias execution was issued which was still in the hands of the sheriff unreturned and no part satisfied. A general demurrer to the bill of complaint was sustained and the bill dismissed.

The only ground suggested upon which the demurrer was sustained is that the bill failed to allege the return upon the first execution. This was unnecessary. It was sufficient in this behalf that the complainant had obtained judgment and that the conveyances set forth in the bill were fraudulent. Miller v. Davidson, 3 Gil. 518; Weightman v. Hatch, 17 Ill. 281; Shufeldt v. Boehn, 96 Ill. 560; Fusze v. Stern,

17 Ill. App. 429; Binnie v. Walker, 25 Id. 82; Quinn v. The People, 45 Id. 547.

No allegation was necessary as to return of an execution, and, having needlessly alleged that two executions had issued, it was enough to show that the alias unsatisfied was then in the hands of the sheriff.

The demurrer should have been overruled. The decree is reversed and the cause remanded.