Great Northern Ref. Co. v. George C. Peterson Co., 214 Ill. App. 492.

that the vendor or vendee can do will deprive the creditors of their rights against the property.

In *Johnson Co. v. Beloosky*, 263 Ill. 363, the court suggested, in sustaining the constitutionality of the Bulk Sales Act, that it was passed for the suppression of fraud. This intention will not be defeated by a strained construction of the statute which is also contrary to its unambiguous language.

The judgment of the trial court in awarding the property to plaintiff was clearly erroneous and it will be reversed, and judgment will be entered in this court finding the right of property in the defendants.

*Reversed and judgment here.*

---

## Great Northern Refining Company, Plaintiff in Error, v. George C. Peterson Company, Defendant in Error.

### Gen. No. 24,950.

1. APPEAL AND ERROR, § 299*—*when order quashing attachment in aid not reviewable.* An order quashing an attachment writ in aid was not a final order which could be brought up for review before the entry of a judgment in the principal suit.

2. APPEAL AND ERROR, § 267*—*piecemeal review.* Reviewing courts will not pass upon a case piecemeal, especially where the holding upon review may be nullified by the result of the principal suit.

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the March term, 1919. Writ of error dismissed. Opinion filed June 16, 1919.

MILLER, STARR, BROWN, PACKARD & PECKHAM, for plaintiff in error; THOMAS McCALL, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOEL BAKER, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff's suit, brought July 31, 1918, was on account stated and for goods sold and delivered to defendant, a Delaware corporation, in the amount of $2,383.43. Service was had on George C. Peterson as agent of the defendant. Appearance, with a demand for a jury trial, was entered, and subsequently, on October 14th, defendant filed its affidavit of merits setting up the defense of payment. Prior to the hearing, plaintiff filed its affidavit for attachment in aid, asserting that defendant was a nonresident of Illinois, and naming the South Side State Bank as garnishee; the defendant filed its special appearance for the purpose of traversing the affidavit for attachment, and in support of a motion to quash the same filed an affidavit setting up that on August 15, 1917, it was granted a license to do business in the State of Illinois; that its principal place of business was in Chicago, where it had an agent for the purpose of accepting service, and that all of its officers and directors were residents of the State of Illinois.

The trial court evidently considered the defendant not a nonresident within the meaning of the Attachment Act, and quashed the writ of attachment in aid, and denied plaintiff its prayer of appeal for the reason that the order so entered was not final. It is here sought by writ of error to have reversed the order quashing the attachment.

Is this a final order which may be brought for review before there is a judgment in the principal suit? We hold that it is not. The attachment rests upon the principal suit; should the plaintiff there fail, the attachment falls regardless of its merit. Reviewing courts will not pass upon a case piecemeal, especially

where the holding upon review may be nullified by the result of the principal suit. The order quashing the attachment is merely a ruling on a feature of the case incidental to the main claim. As stated in *Rosenthal v. Board of Education,* 239 Ill. 29: ''A judgment or a decree is only final and appealable when it terminates the litigation between the parties on the merits of the case, so that when affirmed the court below has only to proceed with the execution of the judgment or decree.''

The writ of error will therefore be dismissed.

*Writ of error dismissed.*