Pasquale Siravo
vs.       Eq.No.6383
Antonio Salzillo et als.

December 20, 1926

BAKER, J. Final hearing.

This bill is in the nature of a creditor's bill brought to reach certain assets which the complainant claims he is entitled to and which he can not obtain by legal process.

The facts involved are not seriously in dispute and present practically only one question for the determination of the court. They are set out at length in the complainant's bill. Briefly, in substance, they are as follows:

The respondent, Fiorentino Schiavino, some years ago owned certain real estate in the Town of North Providence. He conveyed this to the respondent, Carmela Schiavino, his wife, who gave the said Fiorentino her note for the sum of $500. This note was not paid and the said Fiorentino brought suit and attached the aforesaid real estate. Prior to this date the said Carmela had mortgaged the said premises to the respondent, Antonio Salzillo. Default was made in connection with the payment of the principal and interest of the note secured by said mortgage and the said respondent Salzillo foreclosed upon said premises and they were sold at mortgagee's sale. The respondent De Simone is attorney for the said Salzillo. The attachment above referred to, placed upon the property by the respondent, Fiorentino, was immedi-

ately prior to the said mortgagee's sale. The property in question brought a sufficient sum to cover the mortgage and the expenses and to leave a substantial surplus in the hands and possession of the said respondent, Salzillo, and his attorney, De Simone. Some years prior to the date of this sale the complainant herein had recovered a judgment against the respondents, Fiorentino and Carmela, which was unsatisfied and upon which an execution had been so returned. Shortly after the date of the mortgagee's sale in question, the complainant in the present proceeding brought an action of debt on judgment against the respondents, Fiorentino and Carmela, based on said previous judgment and attempted to garnish in the hands of the respondents, De Simone and Salzillo, the surplus from said mortgagee's sale. Thereafter the said respondent, Fiorentino, prosecuted his action against the respondent, Carmela, to judgment and an execution was issued thereon and returned unsatisfied. Immediately thereafter he filed a bill in equity to compel the payment to him of his judgment against Carmela from the funds in the hands of the respondents, Salzillo and De Simone, being the surplus of said mortgagee's sale. This bill in equity was finally heard in the Supreme Court and is reported in the following case: Schiavino vs. Salzillo, 45 R. I. 203, the court holding in substance that the attempted garnishment by the complainment in this proceeding of the surplus funds in the hands of De Simone was invalid and that the said Fiorentino was entitled to have paid to him from said surplus sufficient to satisfy his judgment against the said Carmela. Very soon after said opinion was rendered, the complainant filed the present bill in the nature of a creditor's bill, seeking to obtain from said surplus in the hands of said Salzillo and De Simone sufficient to satisfy

his judgment, with interest and costs, which he has against the respondents, Fiorentino and Carmela.

The law generally and in this State seems well settled as to the jurisdiction of equity in connection with bills of this nature. Apparently, equity will not interfere to afford a creditor relief unless the creditor has no remedy at law, viz., where he can not reach assets through legal process or where such a remedy is inadequate or unavailing. It is clear, however, that if a judgment creditor has no such remedy at law, then equity will lend its assistance and grant him aid. The remedy at law must be exhausted. It has been held that creditor's bills will reach such equitable interests as equities of redemption.

Pomeroy's Eq. Jur., Vol. 5, 2nd ed. Secs. 2294, 2295, 2302.

R. C. L., Vol. 8, p. 19.

Corpus Juris, Vol. 15, pp. 1383, 1385, 1387.

Further, it has been more or less uniformly held that the best proof of whether or not the legal remedies have been exhausted is the return of the execution unsatisfied.

Pomeroy's Eq. Jur., Vol. 5, 2nd ed., Sec. 2309.

Bank of Shreveport vs. Randall, 20 R. I. 319.

Stone vs. Westcott, 18 R. I. 517.

In this case the complainant contends that the facts bring him within the general principles above referred to and that he is entitled to his relief.

On the other hand, the respondents claim that the prayer of the bill should not be granted chiefly because of the fact that the complainant has not exhausted his remedy at law, and that the respondent, Fiorentino Schiavino, has other property which can be reached through legal process.

In support of his claim the said respondent, Fiorentino, presented testimony which he argued showed he had at least three different assets which

the complainant might reach other than by the present bill. He urged, first, that the testimony showed that he had interest in certain real estate in North Providence which had stood for some years, not in his own name, but in the name of a member of his wife's family. Apparently these were the four lots levied upon by the complainant in his original execution which was returned unsatisfied. The testimony would tend to show that there was a suit of some nature pending in this court in relation to this property. The court feels, however, that this clearly is no asset which the complainant could reach by any legal process. It would seem from the testimony that the respondent, Fiorentino's claim in regard to this matter is of considerable doubt. In any event, it certainly is nothing which could in itself prevent the maintaining of the present bill.

Second, the respondent, Fiorentino, said that he owned a small variety store in North Providence in which he sold candy, cigarettes, canned goods, and the like.

The testimony would tend to show that the complainant's claim at the present time must be in the neighborhood of $500, if not more.

It further appears that for a considerable period of time, a mortgage of seven hundred dollars on the stock and fixtures in said store has remained on the records in said Town of North Providence undischarged. Very little testimony was introduced showing the value of the stock and fixtures of this store. It is more or less a matter of common knowledge that assets of this kind are most unsatisfactory from which to attempt to collect a judgment on execution.

In the opinion of the court, the evidence here shows clearly that whatever equity or rights or value the respondent, Fiorentino, may have in the said store, they do not constitute such an asset as would, standing alone,

warrant the denying of the prayer of this bill.

Finally, the said Fiorentino urges that there is certain real estate standing in his name on the land records of the Town of North Providence upon which the complainant could levy.

It would appear from the evidence that the said Fiorentino is assessed on real estate in North Providence as a tax value in the neighborhood of $500. The deeds for these lots were not put on record until after the present bill was brought. An examination of this situation shows that all but two small lots, which apparently have a tax value of about $100, were purchased by the said Fiorentino at tax sales in the town of North Providence for small sums. While it would appear that he has held these lots for some years without interference, nevertheless the validity, particularly in the smaller towns of the State, of tax titles often present serious questions. The court has very grave doubt on the testimony as to whether the complainant would be able to obtain complete satisfaction of his judgment, interest and cost from the said Fiorentino's interest in these lots which have been acquired some years after the first execution was levied.

While undoubtedly the said respondent, Fiorentino, has a possible interest of some value in this real estate, it seems to the court that the amount which could be obtained at a sale would be very questionable.

It would seem, therefore, that the question for determination would be whether this court, on the above situation, ought to grant the relief asked for and permit the complainant to recover his judgment from a fund which is in existence and probably sufficient to meet such judgment, or whether the bill should be denied and the complainant should be left to a more or less problematical remedy at

law, the court feeling satisfied from the testimony presented that the complainant would not be able to satisfy his whole claim in full from such interests and assets as the said Fiorentino may now have. Where such a situation exists, the court is of the opinion that it is proper for equity to take jurisdiction, and that in such a case the court will not compel a complainant to release or give up a more or less sure fund from which he may be satisfied in order to first get as much as he can by way of an incomplete remedy from other sources. In the judgment of the court the situation is here presented where such remedy at law as there may be is inadequate. A general examination of the authorities would appear to show that where such a situation exists equity grants relief.

Helm vs. Hardin, 2 B. Mon. (Ky.) 231.

Fusce vs. Stern, 17 Ill. App. 429.

Store vs. Badger, 8 Paige N. Y. 130.

Thomas vs. McEden, 11 Paige, N. Y. 131.

Corpus Juris., Vol. 15, p. 1398.

After considering the matter with care, the court has come to the conclusion that the complainant here has made out his case by a fair preponderance of the testimony. In the opinion of the court it has been shown that the complainant is a judgment debtor, that he has an execution returned unsatisfied, that whatever assets or property may have come into the hands and possession of the spondent, Fiorentino, since said execution was returned are not clearly and beyond question sufficient to satisfy and meet such judgment claim in full, and that there are certain equitable assets due the said respondent, Fiorentino, from which the complainant's judgment can be satisfied substantially in full. This being so, the court believes the complainant is entitled to relief.

The court will answer the issues of fact as follows:

The first issue as framed presents a mixed question of law and fact. The court will answer it, yes.

To the second issue, the court will say that if the term "irresponsible" means that the said Fiorentino and Carmela can not respond in full to the judgment involved other than from the fund in question in this proceeding, then tthe court will answer said issue, yes.

In regard to this third issue, the court will say that it finds that the said respondents have no such property from which the complainant can secure satisfaction on his judgment in full.

In answer to the fourth issue, the court finds that on the testimony presented the respondent, Carmela, appears to be insolvent, but that the respondent, Fiorentino, has some property or assets and is, therefore, perhaps not strictly insolvent, but that he has not sufficient fund outside of the fund in question to meet the judgemnt.

The court finds that the complainant is entitled to the relief prayed for and the prayers of his bill are granted.

For Complainant: McGovern & Slattery.

For Respondents: J. C. Semonoff.