A. Rabits, Plaintiff in Error, v. Live Oak, Perry & Gulf Railroad Company et al., Defendants. The Atlantic Coast Line Railroad Company et al., Garnishees, Defendants in Error.

## Gen. No. 31,188.

APPEAL AND ERROR—*judgment not final and reviewable.* An order denying a motion to vacate an order discharging garnishees in an attachment in aid of a suit to recover for nondelivery of goods, held not a final, reviewable judgment.

Error by plaintiff to the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Writ dismissed. Opinion filed October 10, 1927.

MATHIAS F. PERZ and HENRY L. GRAF, for plaintiff in error.

JOHN GIBSON HALE, for defendants in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the Live Oak, Perry & Gulf Railroad Company, a corporation, the Atlantic Coast Line, a corporation, and the Wabash Railway Company, a corporation, claiming $411 on account of household goods which he delivered for transportation, and alleging that the goods had never been delivered. On January 9 the bailiff served the summons on the Atlantic Coast Line and the Wabash Railway Company. On January 12 the Atlantic Coast Line filed a special appearance, asking that the service of summons on it be quashed for the reason that the person who was served by the bailiff was not its representative. On the same date the Wabash Railway Company entered its appearance and demanded a jury trial, and on March 16, 1922, filed its affidavit of merits, denying liability. On May 8, 1924, plaintiff filed an affidavit for a writ of attachment in aid. The writ was issued and the Atlantic Coast Line Railroad Company, the Seaboard Air Line Railway Company, the Pullman Company, and the American Railway Express Company were named as garnishees. The writ was served on them on May 9, 1924. On May 16, 1924, the Atlantic Coast Line, garnishee, entered its special appearance and made a motion to quash the service of the writ in aid. On May 19 the American Railway Express Company, garnishee, entered its general appearance and on May 20 the Seaboard Air Line entered its special appearance for the purpose of quashing the service of the writ upon it. On May 21 the Pullman Company answered. On June 19 the American Railway Express Company as garnishee answered that it had in its hands $734 belonging to the defendant, the Live Oak, Perry & Gulf Railroad Company. On June 20 the Seaboard Air Line Company made its motion to quash the service of the writ upon it. The motion was entered and continued and on June 24 the mo-

tion was sustained and it was ordered that all of the garnishees be discharged.

Afterwards plaintiff upon notice moved the court to vacate this order. On July 15 the American Railway Express Company, one of the garnishees, filed what it designates its special appearance, whereby it denied the court had any jurisdiction over it. On July 16 the court denied plaintiff's motion to vacate the order of June 24 discharging the garnishees. On September 26, 1924, an order was entered again overruling plaintiff's motion of June 24, 1924, to vacate the order discharging the garnishees. The record shows that plaintiff excepted to this and prayed an appeal to this court, which was allowed upon filing an appeal bond in the sum of $100 within 30 days and a bill of exceptions within 60 days. Afterwards on June 22, 1926, the writ of error was sued out from this court.

Plaintiff has filed a brief in this court but none of the defendants has appeared. The record is somewhat confused as will appear from the above statement. The American Railway Express Company on June 19 filed its answer admitting that it had $734 at the time the writ was served upon it and that the money belonged to the defendants, yet we have this same garnishee almost a month later, July 15, 1924, filing its special appearance and questioning the jurisdiction of the court over it. Just why the court discharged the American Railway Express Company as garnishee when it had admitted in its answer that it had in its possession money owing to one of the defendants, we are unable to understand. However, the merits of the case are not properly before us because there is no final judgment entered in the case. The attachment in aid was merely an adjunct to the main suit, and until there is a final judgment entered in the main suit there is nothing before us of a final nature that we can re-

view. *Firebaugh v. Hall*, 63 Ill. 81. The writ of error is therefore dismissed.

*Writ dismissed.*

MATCHETT, P. J., and McSURELY, J., concur.