(No. 24253.

WALTER A. OLSEN *et al.* Appellants, *vs.* THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.

*Opinion filed February 16, 1938.*

WILSON, J., dissenting.

WALTER A. OLSEN, and FRED B. HOUGHTON *pro sese,* appellants.

WILLARD R. MATHENY, for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

By their amended petition filed in the probate court of Cook county, Walter A. Olsen and Fred B. Houghton, administrators with the will of George Glauner annexed, sought to recover a judgment against the appellee, the Hartford Accident and Indemnity Company, a corporation, as surety on the bond of Phillip E. Miller who had been the executor of the estate of George Glauner. The principal amount claimed was $2181.84, and interest was demanded at ten per cent per annum as provided by the statute where the executor or administrator retains money of an estate longer than two years and six months from the date letters testamentary were issued. Miller still retained funds belonging to the estate which he had failed to pay to the appellants. The surety denied liability; the petitioners filed a replication, and Berthold and Emil Glauner (the sole heirs of George Glauner) were ordered to reply to the answer of the surety. The probate court denied the petition. The petitioners appealed to the circuit court of Cook county. That court rendered judgment against the surety for the amount claimed in the supplemental petition, with interest at five per cent per annum and for costs. The surety appealed to the Appellate Court for the First District. The administrators filed a cross-appeal, claiming they were entitled to interest at ten per cent instead of at five per cent on the amount adjudged to be due from the surety. The Appellate Court reversed the judgment of the circuit court and remanded the cause, with directions to the circuit court to dismiss the supplemental petition. This disposed of the question on the cross-appeal adversely to the administrators. The cause is before this court on leave to appeal granted.

George Glauner died testate in Chicago on August 28, 1928. His will was admitted to record in the probate court of Cook county. On September 6, 1928, Phillip E. Miller qualified as executor and furnished a bond in the sum of $28,000, with the Hartford Accident and Indemnity Company as surety. He was later found to be indebted to the estate in the sum of $6286.62, of which $4133.38 was later recovered, leaving a balance of $2181.84 due the estate. He was removed as executor on May 2, 1930. The appellants were thereupon appointed administrators with the will annexed.

In its answer the appellee company admits it was surety on the executor's bond and does not deny the amount due from Miller. As a defense it claims that at the time it executed the bond as surety it took a joint control agreement from Miller; that he applied to it to cancel that agreement; that it agreed to do so only on condition that all the heirs of the deceased would approve such cancelation and would execute and deliver an agreement to indemnify it against any losses caused by the executor, and that to meet this requirement the heirs executed and delivered to it such an indemnity agreement, whereupon it terminated the joint control. It further avers that there are no claims on file in the estate and that the distribution of any funds therein will be to the heirs, at whose request the joint control agreement was terminated and who executed and delivered the indemnity agreement. It then alleges it would be a useless act to require it to pay to the estate any sum found due from its principal, the executor, when such funds so paid in will be immediately due to it from such heirs, together with its costs and attorney's fees. There was no evidence contesting the correctness of the amount claimed to be due. The surety introduced a joint control agreement and a special indemnity agreement and sought to show that the consideration for the termination of the former was the giving of the latter. On the other hand, evidence for appellants

and the Glauner heirs tended to show that the heirs never had any knowledge of the joint control agreement and that the indemnity agreement made no mention of it; that the latter agreement was procured by fraud, was without consideration, and was void.

It is unnecessary for us to express our views upon the facts and circumstances surrounding the execution of the two agreements, their validity or their effect as between the surety and the Glauner heirs. The appellants' right of recovery against the surety is not affected by what transpired between the executor and the surety, or between the Glauner heirs and the surety, concerning a matter entirely distinct from the performance by the surety's principal of his duties as executor of the estate.

Besides serving the heirs and beneficiaries of an estate, the executor or administrator also serves its creditors. The fact that there are no unpaid claims filed against the estate as debts of the decedent is not conclusive that such a debt may not later be demanded of the beneficiaries who take under the decedent's will. The statutory limitation of one year from the granting of administration in which to exhibit claims against the estate does not apply to an action by a creditor of the decedent against the heirs, devisees or legatees to subject property received by them from the estate to the payment of a claim, which, during the allowable period for filing against the estate, was a contingent liability, only, but thereafter has become fixed. (*Union Trust Co.* v. *Shoemaker,* 258 Ill. 564.) In such case it would become important to the creditor to establish the amount passing from the personal representative to the heir. Both sections 36 and 39 of the Administration act (Ill. Rev. Stat. 1937, chap. 3, pp. 73, 74) make specific provisions for the collection by the successor administrator from the defaulting personal representative of any funds of the estate which came into his hands and for which he has not accounted to the court which appointed him. Nowhere in

the act is either express or implied recognition given to any private arrangement entered into by a surety on the bond of an executor or administrator, either with its principal or with the heirs of the estate, which might be interposed to defeat recovery by such subsequent administrator. The statutes contemplate payment by the surety to the successor administrator and vest authority in the latter to collect and receive the amount found due from the prior administrator or executor. In this action the surety cannot defeat a recovery.

The appellants also insist they are entitled to recover ten per cent per annum on the amount of Miller's shortage from and after two years and six months from the date of letters testamentary. The trial court allowed five per cent from March 8, 1931, to January 23, 1936, amounting to $525.44. This claim is made under the provisions of section 114 of the Administration act (State Bar Stat. 1937, p. 86) part of which is as follows: "All moneys, bonds, notes and credits which any administrator or executor may have in his possession or control as property or assets of the estate, at a period of two years and six months from the date of his letters testamentary or of administration, shall bear interest, and the executor or administrator shall be charged interest thereon from said period at the rate of ten per cent, * * * unless good cause is shown to the court why such should not be taxed."

It is claimed that the last sentence of the quotation, vested in the courts some discretionary power to tax or not to tax interest at the rate of ten per centum per annum. It appears that the circuit court of Cook county made the interest rate five instead of ten per cent because the surety aided in recovering funds of the estate. However, appellee refused to pay the principal sum that remained due and interest thereon. If it had not aided in recovering more than four thousand dollars from the defaulting executor its own liability would be just so much greater. We held in *McDonald* v. *People*, 222 Ill. 325, 333, that a bondsman

is properly chargeable with interest due from his principal at the rate of ten per cent per annum. The interest should have been computed at that rate from March 8, 1931, on $2181.84, and judgment should have been rendered for the whole sum. Interest on the principal sum to February 8, 1938, amounts to $1545.44.

The judgment of the Appellate Court for the First District is reversed, and judgment is rendered in this court in favor of appellants and against the Hartford Accident and Indemnity Company, a corporation, in the sum of thirty-seven hundred twenty-seven dollars twenty-eight cents.

*Judgment of Appellate Court reversed.*
*Judgment rendered here for appellants.*

Mr. Justice Wilson, dissenting.