Charles Brignall, Appellee, v. Frank P. Merkle, Appellant.

Gen. No. 40,095.

Opinion filed June 30, 1938.

SIDNEY J. and ARTHUR WOLF, of Chicago, for appellant; ARTHUR WOLF, of counsel.

REUEL H. GRUNEWALD, of Chicago, for appellee; ROBERT F. KOLB and FRANCIS M. COOPER, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover a claimed balance on three promissory notes. A writ of attachment in aid was sued out and levied on certain real estate. The attachment issue was tried before the court without a jury and an order was entered sustaining the attachment; defendant appeals.

Plaintiff heretofore made a motion to dismiss the appeal on the ground that the order was not appealable. The motion was reserved to the hearing. So far as the record discloses, defendant did not file any answer to the complaint but filed only what his counsel designate "plea in abatement," in which they traverse the grounds of attachment. The case on the merits is still pending.

We think the motion to dismiss must be sustained. In *Great Northern Refining Co. v. George C. Peterson,* 214 Ill. App. 492, it was held that an order awarding a

writ of attachment in aid was not final. The court there said (p. 493): ''Is this a final order which may be brought for review before there is a judgment in the principal suit? We hold that it is not. The attachment rests upon the principal suit; should the plaintiff there fail, the attachment falls regardless of its merit. Reviewing courts will not pass upon a case piecemeal, especially where the holding upon review may be nullified by the result of the principal suit. The order quashing the attachment is merely a ruling on a feature of the case incidental to the main claim.'' And in *Rabits v. Live Oak, Perry & Gulf Railroad Co.*, 245 Ill. App. 589, we held that an order denying a motion to vacate an order discharging garnishees, in an attachment in aid of a suit, was not appealable. We there said (pp. 591–592): ''The merits of the case are not properly before us because there is no final judgment entered in the case. The attachment in aid was merely an adjunct to the main suit, and until there is a final judgment entered in the main suit there is nothing before us of a final nature that we can review. *Firebaugh v. Hall*, 63 Ill. 81.''

In the instant case, as stated in the *Great Northern Refining Co.* case, the attachment in aid rests upon the principal suit which is still pending, and should the plaintiff there fail, obviously the attachment will fail regardless of the issues raised on the attachment issue. We will not pass upon a case piecemeal when our holding may be nullified by the result of the principal suit. In 2 Ency. P. & Pr., p. 118, it is said: ''A judgment in attachment proceedings merely auxiliary to the main action is interlocutory and unappealable before final judgment therein; but where the whole record is before the court, errors may be assigned on the judgment in attachment alone.'' And while the issues on the merits and the attachment are separate and distinct, and may properly be tried at separate times or

together (*Voss v. Evans Marble Co.*, 101 Ill. App. 373), yet we are of opinion that the trial judge, in his discretion, should try both issues together or as nearly at the same time as circumstances warrant. Where the attachment is tried first, the merits of the controversy should be disposed of expeditiously so that both issues may be subject to review in one proceeding.

The motion of plaintiff to dismiss the appeal is sustained and the appeal is dismissed.

*Appeal dismissed.*

McSurely, P. J., and Matchett, J., concur.