Lucy Belle Dunham, Appellant, v. Clark E. Kauffman et al., Appellees. Gilbert Scribner et al., Trustees Under Last Will and Testament of Jonathan Clark, Deceased, Appellees.

Gen. No. 42,382.

MATCHETT, P. J., dissenting.

Opinion filed May 10, 1943. Rehearing denied May 24, 1943.

ARTHUR ABRAHAM, of Chicago, for appellant.

SIDLEY, MCPHERSON, AUSTIN & BURGESS, of Chicago, for certain appellees; DONALD F. MCPHERSON and GEORGE RAGLAND, JR., both of Chicago, of counsel.

HOPKINS, SUTTER, HALLS & DEWOLFE, of Chicago, for certain other appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, as successor of the lessor, filed her complaint in chancery against defendants who were the legatees of a deceased lessee, to recover rent and taxes which accrued under the terms of the lease after the administration of the estate of the deceased lessee to the extent of the assets which each of the defendants had received. Defendants were all non-residents. Four

days after the suit was begun an affidavit for attachment was filed and a writ issued which was served on the garnishees. Defendants were served by publication. Afterward one of the defendants filed his answer. Plaintiff filed interrogatories which the garnishees answered, from which it appears that they were trustees under the last will and testament of Jonathan Clark, deceased, and that at the time of the service of the writ they did not have any moneys, credits or effects "then distributable to the defendants." That "they hold the *corpus* of the trust estate" created by the will of Jonathan Clark, deceased, and that at the end of 20 years from the death of the survivor of Jonathan Clark's wife and his last surviving child, the *corpus* would be distributable, but that the end of the 20-year period had not yet arrived and "these garnishees are unable to state, . . . which, if any, of the defendants" will be entitled to a share of the *corpus* of the trust estate after the 20 years. The garnishees further answering the interrogatories said they had made quarterly payments to defendants, the beneficiaries, during 1941, on the 15th day of March, June, September and December, from the assets of the estate, and then set up the amounts payable to each defendant March 15, 1942, aggregating $2,962.50, and that these payments had been withheld on account of the service of the attachment writ and they "requested the Court to instruct them whether the attachment before judgment in this chancery suit was proper."

April 29, 1942, the court entered an order which recites the matter came on to be heard "on the motion and answer of the Trustees under the Last Will and Testament of Jonathan Clark, Deceased," and the court having heard arguments of counsel for all parties and "finding that no judgments have been obtained against any of the defendants," it was ordered that the garnishees as "Trustees under the Last Will and Testament of Jonathan Clark, deceased,

be and they are hereby authorized and directed to forthwith make payments out of said trust to the defendants herein who are beneficiaries of said trust.'' It is from this order that plaintiff appeals.

Counsel for plaintiff in stating plaintiff's theory of the case says: ''The only question presented on this appeal is whether or not an attachment will lie upon a money claim where the original proceeding is in chancery. It is the contention of the plaintiff that where the defendants are non-residents and plaintiff has a money claim against the defendants, that attachment will lie irrespective of whether the proceeding is in chancery or at law.''

On the other side, counsel for the defendant who filed an answer to the complaint, in their brief say that ''Attachment does not lie in chancery proceedings.'' And counsel for the garnishees in their brief go farther and say: ''Attachment before judgment in a chancery suit always has been unknown to Illinois law.''

Attachment proceedings are entirely statutory and the claimed liability to defendants can be enforced only in equity. *Union Trust Co. v. Shoemaker,* 258 Ill. 564. In that case where the liability sought to be enforced was the same in principle as the claimed liability in the instant case the court said: ''If maintainable at all, it is under the original jurisdiction of the court of chancery over the estates of deceased persons, whereby that court could reach property that should be applied to the payment of debts. . . . On this subject it is said by Justice Story (1 Eq. Jur. sec. 92): 'Legatees are always compellable to refund in favor of creditors, because the latter have a priority of right to satisfaction out of the assets.' . . .

''Although no action at law lies, or ever did lie, against distributees of personal property, whether legatees or heirs, for a debt of the ancestor, the ancient remedy by a bill in equity for a discovery, if necessary,

and an account of assets received applicable to the payment of the decedent's debts, still continues."

And in *Olsen v. Hartford Accident Co.*, 368 Ill. 194, the court said: "The statutory limitation of one year from the granting of administration in which to exhibit claims against the estate does not apply to an action by a creditor of the decedent against the heirs, devisees or legatees to subject property received by them from the estate to the payment of a claim, which, during the allowable period for filing against the estate, was a contingent liability, only, but thereafter has become fixed. (*Union Trust Co. v. Shoemaker*, 258 Ill. 564.)"

In the instant case the claim for rent under the lease did not accrue until after the administration of the estate of George T. Clark, deceased, but was contingent.

Counsel for plaintiff cites authorities from a number of other States of the Union, most of which hold in effect, that an attachment will lie where the suit is of an equitable nature but in practically all of these jurisdictions the statutes provide in substance that there shall be one form of civil action. There has been no such fusion in this State between actions at law and suits in equity. (*Frank v. Salomon*, 376 Ill. 439.) Moreover, as we said in *Campagna v. Automatic Electric Co.*, 293 Ill. App. 437: "As the proceeding by way of garnishment is purely statutory, cases decided by the courts of other States under statutes materially different are of little aid in the construction of our own statute."

Section 1 of the Civil Practice Act, approved in 1933 and in force January 1, 1934, provides: "The provisions of this Act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in courts of record, except in attachment, . . . garnishment," etc. At the time the Civil Practice Act became effective, Janu-

ary 1, 1934, § 1 of the Attachment Act (Cahill Ill. Rev. Stat. 1933, chap. 11, § 1) provided: "That in any court of record having competent jurisdiction, a creditor may have an attachment against the property of his debtor, . . . when the indebtedness exceeds $20, . . . Where the debtor is not a resident of this State." And § 31 of the Attachment Act, in force at that time provided that "The plaintiff, in any action of assumpsit, debt, covenant, trespass or trespass on the case, having commenced an action," and before judgment, on filing an affidavit showing his right to an attachment, may sue out a writ of attachment under the first section of the act in aid of such suit.

Two years after the passage of the Civil Practice Act the legislature amended § 1 of the Attachment Act and repealed § 31 of that Act. Ill. Rev. Stat. 1941, ch. 11, § 1 [Jones Ill. Stats. Ann. 109.032] and § 31. Section 1 as amended provided "That in any court of record having competent jurisdiction, a creditor having a money claim, whether liquidated or unliquidated, and whether sounding in contract or tort, may have an attachment against the property of his debtor, . . . either at the time of instituting suit or thereafter, when the claim exceeds $20," where the debtor is not a resident of this State. And at that time (1935) § 26 of the Attachment Act was enacted. That section provides: "The provisions of the Civil Practice Act, including the provisions for appeal, and all existing and future amendments of said Act and modifications thereof, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder, except as otherwise provided in this Act."

The question for decision is, does § 1 of the Attachment Act, as amended in 1935, authorize the issuance of a writ of attachment in a chancery case where plaintiff is seeking a decree for money only? We think it does. The question is one of first impression. No case has been cited in this State where it has been held that

a writ of attachment would not issue in a chancery case although under our practice we have always understood that a writ of attachment or one in aid would issue in actions at law although it has long been firmly established that a writ of attachment may be issued in a chancery case after a money decree has been entered; and this, too, under the old Attachment and Practice Acts. *Cohen v. North Ave. State Bank,* 304 Ill. App. 413; *Weightman v. Hatch,* 17 Ill.•281; *Ihorn v. Wallace,* 88 Ill. App. 562.

In the *Weightman* case the court said: "A party has a right to the same remedies to enforce the collection of a decree in chancery for a specific sum of money, which he has to enforce a judgment at law." In the *Ihorn* case the court said: "The garnishment act is remedial in its character and should receive a liberal interpretation, so that the remedy may be promoted and its purposes subserved. *Luton v. Hoehn, for use, etc.,* 72 Ill. 81." In the *Luton* case the court, in passing on the question whether a judgment debtor in the circuit court could be garnisheed by process issued by a justice of the peace held that he could and said: "No doubt some inconvenience may arise in subjecting judgments, upon which executions have already been issued, to this process, but the general good should be regarded as the paramount interest, rather than the mere convenience of the debtor. The same difficulty would occur in courts of equal jurisdiction. . . . It [garnishment] affords, in many instances, the only remedy the creditor has for collecting his claim, and it should always receive a liberal construction." We think the same liberal interpretation ought to be applied to the Attachment Act.

Section 1, of the Attachment Act from which we have above quoted, authorizes the issuance of a writ of attachment where a money claim exceeds $20 and a proper affidavit required by that section is filed *viz.,* "a creditor having a money claim, whether liquidated

or unliquidated, and whether sounding in contract or tort, may have an attachment against the property of his debtor.'' There is no limitation. The statute does not require that such proceedings be in a court of law or a court of equity. All the act requires is that the creditor have a money claim and in the instant case, plaintiff's claim is for money only. She prays that a decree be entered against defendants for such sums as they have received from the estate of George T. Clark, deceased, one of the tenants, to the extent of the amount so received, provided, of course, that such amounts do not exceed the amount claimed to be due under the terms of the lease.

Counsel for defendants and counsel for the garnishees in their briefs say that ''Equitable attachments are 'abhorrent to the principles of equitable jurisdiction,' '' and cite a number of authorities from the Appellate Courts and the Supreme Court of this State but we think they are not applicable here. In those cases no affidavit for garnishment is required and it is generally sought to enjoin defendant from disposing of his property pending a hearing of the case on its merits, such as *Schufeldt v. Boehm,* 96 Ill. 560, where the court said: ''If the property of an honest, struggling debtor could be tied up by injunctions upon mere unadjusted legal demands, he would be constantly exposed to the greatest hardships and grossest frauds, for which the law would afford no adequate remedy. By taking his property out of his hands before the claim is due, or before its justice has been established by a judgment, in many cases would be to deprive him of the means of payment, and even of the means of defending himself against a vexatious and oppressive suit.'' And continuing, quoting from *Phelps v. Foster,* 18 Ill. 309: ''We are not aware of any principle of equity jurisprudence which will justify the issuing of an injunction in such a case to compel the parties to hold the goods, pending a trial at law, to see if they will not be wanted to answer an

execution upon a judgment which the complainant hopes to obtain.''

Counsel for the defendant who filed an answer to the complaint further contend that the order appealed from is interlocutory, not appealable and that the appeal should therefore be dismissed, and in support of this cite *Great Northern Refining Co. v. George C. Peterson Co.,* 214 Ill. App. 492; *Rabits v. Live Oak, Perry & Gulf R. Co.,* 245 Ill. App. 589 and *Brignall v. Merkle,* 296 Ill. App. 250, in which we held that this court would not pass upon a case piecemeal and in two of the cases the writ of attachment was quashed, leaving the case against defendant undisposed of and in the *Brignall* case, the attachment was sustained and we held an appeal would not lie from that order for the reason that unless plaintiff recovered against defendant, the attachment would be of no avail.

In the instant case, the order appealed from not only holds that the attachment will not lie but also directs the garnishees to make payments forthwith to defendants. In these circumstances we think the order is reviewable by this court and this, in view of the fact that plaintiff was entitled to a default judgment against defendants, save the one who filed his answer. They had been served by publication and no point is made that the complaint did not state a good cause of action. Judgment was not entered against them before the court entered the order appealed from, apparently for the reason that plaintiff's counsel did not bring this to the attention of the court and the garnishees were asking the court for advice and direction as to what they should do with the money they then had.

The order of the superior court of Cook county appealed from is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded with directions.*

McSurely, J., concurs.

(See next page.)

Mr. Presiding Justice Matchett dissenting: Section 1 of the Attachment Act, as amended in 1935, authorizes an attachment "in any court of record having competent jurisdiction" by "a creditor having a money claim, whether liquidated or unliquidated, and whether sounding in contract or tort." The act was further amended in 1939 (see Laws of 1939, p. 289).

The ultimate question here is whether the legislature intended by the amendment to authorize an attachment based on a purely equitable cause of action. As the opinion states: "The claimed liability to defendant can be enforced only in equity." *Union Trust Co. v. Shoemaker*, 258 Ill. 564. The Civil Practice Act did not abolish but on the contrary recognizes the fundamental distinction between actions at law and in equity. *Frank v. Salomon*, 376 Ill. 439.

The able briefs here submitted do not disclose any case where in the absence of specific statutory authority an attachment has issued based on a purely equitable claim, such as is disclosed by the complaint here. If it had been the intention of the legislature to authorize such an innovation, I think it would have said so.

The decision here, as I see it, amounts to legislation by the judiciary. Also, the order appealed from seems to be merely interlocutory. In conformity with the well considered opinions of this court the appeal should be dismissed. *Great Northern Refining Co. v. Peterson*, 214 Ill. App. 492; *Brignall v. Merkle*, 296 Ill. App. 250.