SIEGEL, COOPER & CO.

*v.*

HENRY SCHUECK *et al.* for use, etc.

*Filed at Ottawa June 8, 1897—Rehearing denied October 12, 1897.*

1. GARNISHMENT—*proceeding cannot be extended to cases beyond the provision of the statute.* The proceeding by garnishment is purely statutory, and cannot be extended to cases beyond the provisions of the statute, as it has been construed by the courts.

2. SAME—*judgment creditor of firm cannot garnish debt due one partner.* A judgment creditor of a partnership cannot maintain garnishment proceedings based on his judgment, to reach a debt due an individual member of the firm.

3. CREDITOR'S BILL—*creditor's bill is the proper remedy to reach debts due individual partners.* A judgment creditor of a partnership desiring to reach debts due to individual members of the firm should resort to a creditor's bill.

*Siegel, Cooper & Co.* v. *Schueck,* 67 Ill. App. 602, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

A. BINSWANGER, for appellant.

CRATTY BROS., JARVIS & CLEVELAND, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an original garnishment proceeding instituted in the circuit court of Cook county by Edward A. Prior & Co. The affidavit of garnishment, upon which the proceeding was founded, alleged that Edward A. Prior & Co. obtained a judgment against Henry Schueck and William Recht in the circuit court of Cook county, at the September term, 1890, and that execution had been issued thereon and returned no property found, and that affiant had reason to believe that Siegel, Cooper & Co., and certain other parties, were indebted to said Henry Schueck and William Recht, or had effects or estate in their hands

belonging to them. Service of process was had on Siegel, Cooper & Co. and interrogatories were filed, wherein defendant, the garnishee, was required to answer whether, at the date of the service of the writ, it had in its possession, charge or control any moneys, rights, credits or effects, etc., owned by or due to the said Henry Schueck. The garnishee, Siegel, Cooper & Co., entered a motion to quash the interrogatories, but the court overruled the motion and required the garnishee to answer. Siegel, Cooper & Co. then put in an answer, in which it protested that it should not be required to answer the interrogatories, and stated that it was indebted to Henry Schueck in the sum of $130.34, but had been garnisheed, since the commencement of this suit, in another suit instituted upon a judgment before that time obtained against Henry Schueck alone, and that it was not indebted in any manner to Henry Schueck and William Recht, and held no property of any description in which they have any interest or right.

Upon a trial of the cause before the court without a jury a judgment was rendered, wherein the court finds that Siegel, Cooper & Co. was indebted to Henry Schueck, at the date of the service of the summons, in the sum of $130.34, and that said Henry Schueck, for the use of Edward A. Prior & Co., is entitled to judgment for said sum, less the costs that said garnishee expended in this cause, which the court finds to be three dollars. It is then ordered and adjudged by the court, that Henry Schueck, for the use aforesaid, have and recover of said Siegel, Cooper & Co. $127.34, and that execution issue therefor. On appeal to the Appellate Court the judgment was affirmed, but the Appellate Court granted a certificate of importance, and the garnishee brings the record here by appeal.

It is proper to state that, in addition to the answer, the appellees, on the trial in the circuit court, read in evidence a judgment rendered September 15, 1890, in the

circuit court of Cook county, in favor of Edward A. Prior & Co. against Henry Schueck and William Recht for $2625, and two executions issued on the judgment were returned no property found.

It is not denied that appellees would have been entitled to judgment if it had appeared that Siegel, Cooper & Co. had been indebted to Schueck & Recht, as alleged in the affidavit upon which the garnishee process issued; but as Siegel, Cooper & Co., the garnishee, was not indebted to Schueck & Recht, but to Schueck alone, it is contended that the judgment was unauthorized and is erroneous. Under our statute and the practice in this State the law is well settled that no recovery can be had, in a case of this character, against a garnishee, unless an action at law could be maintained by the judgment debtor himself against the person garnisheed, if an action had been instituted. This question arose in *Richardson* v. *Lester*, 83 Ill. 55, and it was there held, that in proceedings by garnishment the garnisheeing creditor will have no greater right to recover of the party garnisheed than the execution debtor in whose name the suit is brought. It seems also to be well settled that the garnishee may interpose any defense on a trial which he would be entitled to set up if the action were brought by the judgment debtor. In *Commercial Nat. Bank* v. *Manufacturers' Equitable Ass.* 20 Ill. App. 133, the court, in considering this question, said: "But under our statute garnishment is a proceeding at law. It has most, if not all, the incidents of a suit at law brought by the principal debtor for the use of the attaching creditor, against the garnishee, and the defenses which may be interposed by the garnishee are the same which could have been set up by the garnishee if the action had been brought in that form."

Under the rule indicated, appellant, Siegel, Cooper & Co., was entitled, on the trial in the circuit court, to make any defense which it could have made had Schueck & Recht brought an action against it. Suppose an action

had been brought by Schueck & Recht against Siegel,
Cooper & Co. The action could not have been main-
tained, for the reason that the latter party was not in-
debted to the former party in any sum whatever. The
fact that Siegel, Cooper & Co. was indebted to Schueck
would not authorize an action in behalf of the firm of
Schueck & Recht to recover that debt. The rule is well
settled that the joinder of too many plaintiffs in an action
will be sufficient ground for non-suit on the trial. (*Murphy*
v. *Orr*, 32 Ill. 489; *Snell* v. *DeLand*, 43 id. 323.) In the last
case cited it was held, that, in actions on contracts, if
there are too few or too many parties plaintiff it is fatal
to a recovery, and the objection may be taken either by
plea in abatement or as ground of non-suit upon the trial,
under the plea of the general issue. As Siegel, Cooper
& Co. was not indebted to Schueck & Recht no judgment
could be rendered in their favor for the use of Edward A.
Prior & Co.

There is another difficulty in sustaining appellees' ac-
tion. Suppose the amount due from Siegel, Cooper & Co.
was in excess of the amount of the judgment upon which
the garnishee proceeding was predicated; what would be-
come of the excess? In *Webster* v. *Steele*, 75 Ill. 544, it was
held that the statute authorizing the proceeding by gar-
nishment only authorized the creditor to recover such in-
debtedness as can be recovered by action of debt or in
*indebitatus assumpsit*, in the name of the attachment or
judgment debtor, against the garnishee. It was also held
that the judgment against the garnishee must be ren-
dered in favor of the judgment debtor for the use of the
judgment creditor, and whatever surplus remains after
paying the garnishee creditor belongs to the judgment
debtor in whose name the suit is prosecuted. In *Bank
of America* v. *Indiana Banking Co.* 114 Ill. 483, in the dis-
cussion of the question it is said (p. 488): "It has been
uniformly held since the decision in *Stahl* v. *Webster*, 11 Ill.
511, that by the practice which obtains in this State the

judgment against the garnishee must be rendered in favor of the attachment or judgment debtor for the benefit of the attachment or judgment creditor, who is treated as the real plaintiff, against his own debtor. This, it is claimed, is according to the analogies of the law, for in all actions at law the suit must be in the name of. the party in whom is the legal interest of the subject matter. It is equally settled the judgment must, in form at least, be for the whole amount due from the garnishee, and whatever surplus there may be   *   *   *   belongs to the debtor in whose name the suit is prosecuted."

Under the rule indicated, had there been a surplus, judgment could only be rendered for that surplus in the name of Schueck & Recht, when, at the same time, no part of the surplus belonged to them, but it all belonged to Schueck alone. The proceeding by garnishment is purely statutory, as held in *Illinois Central Railroad Co.* v. *Weaver,* 54 Ill. 319, and it cannot be extended to cases beyond the provisions of the statute as it has been construed by this court. If, therefore, Schueck & Recht could not maintain an action against Siegel, Cooper & Co. for the purpose of reaching a debt due from Siegel, Cooper & Co. to Henry Schueck, it is plain Prior & Co. cannot reach that indebtedness by the use of the name of Schueck & Recht as plaintiffs in this proceeding. In *Lord* v. *Detroit Dry Dock Co.* 50 Mich. 358, where a similar question arose, the court held that the proceeding could not be maintained. In the decision of the case it is there said: "As we have found nothing in the statutes which allows garnishee proceedings to reach property or debts belonging to only a part of the principal defendants, and as it is manifestly required by the statute that the defendant or defendants in the principal suit shall be the person or persons in whose right the garnishee plaintiff is allowed to prosecute the garnishee defendants, there is, in our opinion, no foundation for this complaint. These proceedings are purely statutory, and cannot be extended

by construction." This case was approved in *Farwell* v. *Chambers*, 52 Mich. 316.

If the appellees desired to reach indebtedness due to the individual members of the firm of Schueck & Recht, resort might be had by creditor's bill in a court of equity; but we perceive no ground upon which their action in garnishment can be sustained.

The judgments of the circuit and Appellate Courts will be reversed and the cause remanded.

*Reversed and remanded.*