## John H. Ihorn, for the use of, etc., v. Coke B. Wallace.

1. GARNISHMENT—*Nature of the Act.*—The garnishment act is remedial in its character and should receive a liberal interpretation so that the remedy may be promoted and its purposes subserved.

2. SAME—*When Decrees in Chancery May be Enforced in Garnishment Proceedings.*—A party has a right to the same remedies to enforce the collection of a decree in chancery *in personam* for a specific sum of money as he has to enforce the collection of a judgment at law.

3. SAME—*Personal Decrees are Judgments Within the Meaning of the Garnishment Act.*—A personal money decree rendered by a court of equity is a judgment of a court of record within the meaning of the word " judgment" as used in the garnishment act.

4. SAME—*What Defenses May be Urged.*—In garnishee proceedings the original defendant may show that since the rendition of the judgment it has been paid or satisfied.

5. SAME—*Assignment of Judgments Without Notice.*—Until after notice of the assignment of a judgment against a party he will in a proceeding by garnishment be justified in dealing with it as belonging to the party recovering it.

Garnishment.—Appeal from the Circuit Court of Monroe County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the August term, 1899. Reversed and remanded with directions. Opinion filed March 16, 1900.

JOSEPH W. RICKERT, attorney for appellants.

WINKELMANN & BAER, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a garnishee proceeding, in the Circuit Court of Monroe County, by appellants against appellee. Trial by the court without a jury. Finding in favor of appellee, and judgment against appellants, Ella Ihorn and Joseph Ihorn, for costs.

In a chancery proceeding by beneficiary appellants, Ella Ihorn and Joseph Ihorn et al., against John H. Ihorn et al., in the Circuit Court of Monroe County, at the March term, 1897, a decree was rendered against John H. Ihorn in favor of Ella Ihorn for $75, and in favor of Joseph Ihorn for $335, with costs, and execution was ordered to issue for collection of the same, and was duly issued and returned " no property found." Thereafter, appellants Ella and Joseph Ihorn instituted, in the name of John H. Ihorn, for their use, garnishee proceedings against appellee, a debtor of John H. Ihorn. At the September term, 1898, appellee filed his answer to the interrogatories, admitting that he was indebted to John H. Ihorn in the sum of $344.50.

The first question arising upon this record is, whether the decree rendered in the chancery proceeding is such a judgment as may be collected by garnishment. Sec. 1, Chap. 62, of our statutes, provides that " whenever a judgment shall be rendered by any court of record * * * and an execution against the defendant in such judgment shall be returned * * * ' no property found,'" then, upon

the filing of a proper affidavit, garnishee summons may issue. The decree is a money decree, *in personam*, for specific amounts, and ordered collected by general execution. The garnishment act is remedial in its character and should receive a liberal interpretation, so that the remedy may be promoted and its purposes subserved. Luton v. Hoehn, for use, etc., 72 Ill. 81. A party has a right to the same remedies to enforce the collection of decree in chancery *in personam* for a specific sum of money, as he has to enforce collection of a judgment at law. Weightman et al. v. Hatch, 17 Ill. 281. We can perceive no reason why a personal money decree rendered by a court of equity is not a judgment of a court of record, within the meaning of the word " judgment " as used in the garnishment act.

Complaint is made by counsel for appellee that there is a variance between the affidavit for garnishment and the record offered in evidence and that the affidavit was not supported by proofs. In the trial court no issue of either law or fact was raised as to the affidavit. Appellee, by voluntarily answering to the merits, waived all objections to the sufficiency of the affidavit, and by failing to traverse or in any manner raise an issue of fact upon it, admitted its statements so far as they affected him, to be true.

After the rendition of the decree, and before the trial in the garnishee proceedings, John H. Ihorn became sole plaintiff in a suit in the County Court of St. Clair, against Joseph Ihorn, to recover on a promissory note for $1,054.55 given by Joseph to L. Ihorn & Co. John was the sole owner of this note at the time of the trial in St. Clair, and Joseph made defense, pleading a set-off to the amount of $370, that being the amount then due to him on the decree upon which this garnishment is based. On the trial of that case, this set-off was allowed by the court, and deducted from the amount for which John would have otherwise been entitled to judgment against Joseph. By this proceeding the entire interest of Joseph in the decree was paid. So that, at the time of the trial of the garnishee case, John did not owe Joseph anything, and therefore no recovery could be had of appellee for use of Joseph.

Ihorn v. Wallace.

Concerning this branch of the case, counsel contend on behalf of Joseph, that John can not be heard in this proceeding. This position, under the facts of this case, is not well taken. John was a party and voluntarily appeared and claimed that Joseph's interest in the decree had been paid and extinguished, and at his instance and on his behalf, evidence was admitted proving the truth of his claim. It is now said that he did not file any petition or pleading setting up his claim. The objection to his claim and to the introduction of evidence in support of it, was not based upon that ground in the trial court, and it is too late to raise the question now. In a garnishee proceeding the original defendant may show that since the rendition of the judgment it has been paid or satisfied. Wales & Son v. City of Muscatine, 4 Clarke, 302. Counsel also claim on behalf of Joseph that he had assigned all his interest in the decree to his wife, Martha, before he pleaded it as a set-off against John. Joseph can not be heard to make such claim, and Martha is not a party to this proceeding, but if she were here asserting claim, she would have no standing, for it appears that John had no notice of the assignment. In Himrod et al. v. Baugh, 85 Ill. 435, our Supreme Court says:

"Until after notice of the assignment of a judgment against a party, he will be justified in dealing with respect to it as belonging to the party recovering the same."

And, in addition to this, Martha was present in court at the trial between John and her husband and knew that her husband was pleading this decree as his own, in his set-off against John.

The judgment of the Circuit Court is reversed and remanded, with directions to enter judgment for use of Ella Ihorn, against appellee as garnishee, for the full amount due her on the decree in evidence; that this judgment shall be without prejudice to the right of John H. Ihorn to recover to his own use in any proper action or proceeding the remainder of what appellee may owe him after discharging the judgment herein directed. The Circuit Court is further ordered to dismiss Joseph Ihorn out of the case

and to enter judgment against him for one-half of all the costs of this case in that court, and to enter judgment against John H. Ihorn for one-half of all such costs.

Reversed and remanded with directions.

It is ordered by the court that John H. Ihorn and Joseph Ihorn pay each one-half of all the costs in this court.