## Arthur Keithley v. Frank H. Foster.

### Gen. No. 4,725.

1. ASSUMPSIT—*lies for money had and received for use.* An attorney who has received money collected upon a judgment in excess of the amount of such judgment is liable to the defendant in the judgment for the return of the excess so received.

Action of assumpsit. Appeal from the Circuit Court of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

WINSLOW EVANS, for appellant.

GEORGE B. FOSTER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This suit by Foster against Keithley was tried in the court below, without a jury, and Foster had a judgment for $16.40 from which Keithley appeals. Keithley was an attorney. Lowell Houston had a judgment against Foster, before a justice of the peace of a foreign county, which he placed in Keithley's hands for collection. Keithley collected a payment from Foster and then sued Foster before a justice of Peoria county upon the judgment, and recovered another judgment therefor. Thereafter Foster made Keithley certain payments thereon. Keithley then garnisheed Bement's Sons, Foster's employers, and recovered a judgment against them. An appeal by Foster was dismissed for failure to comply with a rule of court. Keithley took out an execution against the garnishees. Foster made two payments to the constable on said execution, the last one satisfying it in full. Whether he paid the money of his employers or his own does not appear. The constable paid to Keithley all the money except the costs. The last payment by the constable to Keithley exceeded the amount due to Houston by $16.40.

It was for that sum Foster obtained the present judgment against Keithley. The judgment is right though the attorneys for the appellee support it on the wrong ground. Foster could not recover from Keithley the sums he paid direct to Keithley, for they were merely partial payments upon an unsatisfied judgment. But in the garnishee suit, Foster was plaintiff, for the use of Houston, against Bement's Sons. It was proper to render judgment in that case for all that Bement's Sons owed Foster. After the Houston judgment was paid, the rest of the judgment against Bement's Sons belonged to Foster, the nominal plaintiff, as held in Stahl v. Webster, 11 Ill. 511, 519; Webster v. Steele, 75 Ill. 544, 546; Bank of America v. Indiana Banking Company, 114 Ill. 483, 488; Siegel v. Schueck, 167 Ill. 522, 525. It follows that the $16.40 which remained after the beneficial plaintiff had been satisfied was the property of Foster. Keithley should not have received it, but, having received it, he had no right to pay it to Houston, because he had already received all that was due Houston. If he did pay it to Houston, and if that fact would relieve him from liability to Foster, yet it was a fact peculiarly within Keithley's knowledge, and which the rules of law would require him to prove, and he introduced no such proof. We must assume that the $16.40 excess paid to Keithley, and which he was bound to know belonged to Foster, remained in Keithley's hands. Foster was entitled to recover it from him. As the judgment is clearly right we think it unnecessary to consider the ruling of the court upon propositions of law. The judgment is affirmed.

*Affirmed.*