**John Boksa, Appellee, v. Stanley Buchaniec et al., Defendants. The Roseland State Savings Bank, Garnishee, Appellant.**

### Gen. No. 31,688.

1. GARNISHMENT—*right given by amended statute applies to original judgment prior thereto.* Under Cahill's St. ch. 62, ¶ 1, a creditor has the right to garnish a bank having a deposit of one out of several of his judgment debtors, although the judgment was entered before the amendment of 1923 which gave the right to reach the funds of one judgment debtor apart from those of all.

2. APPEAL AND ERROR—*original judgment, execution and return as part of record in garnishment.* Where the original judgment, execution and return, are a proper part of the record in garnishment proceedings it was not necessary to offer them in evidence.

3. APPEAL AND ERROR—*necessity of original judgment, execution and return showing in garnishment record.* The original judgment, execution and return, must appear in the record of a garnishment proceeding to entitle the court to review a judgment against the garnishee.

4. GARNISHMENT—*garnishee's answer as not contradicting execution return.* A return of execution showing that an officer made it

cannot be contradicted in a garnishment proceeding based thereon by an allegation in the garnishee's answer that the return was made on the order of plaintiff's attorney.

5. GARNISHMENT—*not invalidated by clerical error in execution return.* An error of a deputy bailiff in failing to add an "s" to the word "defendant" in the form of return he made out on an execution against several judgment debtors was a clerical error which does not invalidate a garnishment judgment obtained on such return.

6. GARNISHMENT—*including interest on original judgment as not invalidating.* A garnishment judgment is not erroneous as being greater than the original judgment by including interest thereon.

7. GARNISHMENT—*duty of garnishee as to debtor's exemptions.* A garnishee is duty bound to claim any exemption the debtor may have as against an execution on the original judgment.

8. GARNISHMENT—*when incorrect summons return does not invalidate.* A return on a garnishee summons of a wrong name for the garnishee does not invalidate the judgment against the garnishee in view of the fact that the proper garnishee was being served, appeared and answered.


Appeal by garnishee from the Municipal Court of Chicago; the Hon. ALBERT B. GEORGE, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 10, 1927.

JOSEPH F. MALL, for defendants.

H. J. THAL, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

John Boksa brought an action in contract against Stanley Buchaniec, Walter J. Jadczak, John Kodzlowski and White Eagle Produce Company, a corporation, and on May 11, 1922, obtained a judgment against them for $300. The following October an execution was issued and afterwards a return made wholly unsatisfied. On November 30, 1926, an affidavit for garnishee summons was filed in the case, which was in the usual form, and there was a further averment in the affidavit that the affiant had reason to believe and did believe that the Roseland State Savings Bank was indebted

and had effects belonging to the defendant Walter J. Jadczak. Thereupon a garnishee summons was issued against the Roseland State Savings Bank, which was served and afterwards entered its motion to quash the garnishee summons and that it be discharged. In support of this motion the garnishee filed what is designated by it, a "proposition of law," whereby the garnishee contended, "A judgment creditor of two or more judgment debtors cannot maintain garnishment to reach a debt owing to one of the joint judgment debtors individually." The motion was overruled. Afterwards the garnishee filed a petition whereby it in effect renewed its motion. This was also overruled by the court and on December 15, 1926, it filed its answer, in which it again insisted that the court was wrong in overruling its motion to quash the summons, and further set up that at the time of the service of the garnishee summons upon it, it had $1,195.15 belonging to Walter J. Jadczak; that this was garnisheed in three other garnishment suits, wherein the total amount claimed was $577.30, leaving a balance of $617.85, subject to the garnishment herein. On December 30, on motion of plaintiff, the court entered judgment on the answer of the garnishee for $617.85, and that of this sum $378.60, being the amount of the original judgment and costs, be paid to plaintiff.

The garnishee contends that the judgment is wrong and should be reversed because, it is argued, a judgment creditor of two or more judgment debtors cannot maintain garnishment to reach a debt owing to one of the joint debtors individually, and in support of this the case of *Siegel, Cooper & Co. v. Schueck*, 167 Ill. 522, is cited. Counsel, however, states that section 1 of the Garnishment Act, Cahill's St. ch. 62, ¶ 1, was amended July 1, 1923, which would permit the judgment creditor who has a judgment against several defendants to garnishee a person or corporation that owes to any one of the defendants, as was done in the instant case.

But it is argued that this amendment cannot be invoked by the plaintiff in the instant case because the judgment entered in the original proceeding against the five defendants in the original proceeding was entered May 11, 1922, more than a year before section 1 of the Garnishment Act was amended, and it is contended that the amendment cannot be given a retroactive effect. We think the argument of counsel is unsound. The original judgment entered in 1922 is in no way affected, but the judgment creditor was by section 1 of the Garnishment Act on July 1, 1923, given an additional remedy whereby he might enforce collection of his judgment.

The garnishee makes the further point that since the plaintiff introduced no evidence to prove the original judgment, the issuance of the execution and the return of same unsatisfied, the judgment is erroneous and should be reversed. The garnishment proceeding in the instant case is part of the original suit. The record contains the original judgment, the execution and its return by the sheriff no part satisfied. These are a part of the record and it would not be proper to offer them in evidence. *La Salle Opera House Co. v. La Salle Amusement Co.*, 289 Ill. 194. Although the writer of the opinion in *Hankel v. East & West Pub. Co.*, 239 Ill. App. 236, said that as a matter of precaution the execution and its return and the affidavit for the garnishee summons should be offered in evidence, yet we are of the opinion that upon a rereading of the *La Salle Opera House Co. v. La Salle Amusement Co.* case, *supra,* this would be improper as such are a part of the record without being offered in evidence, but they must appear in the record on review.

A further contention is made that the record discloses that the execution was returned by the bailiff in obedience to an order of plaintiff's attorney, and that this is insufficient, and, further, that the return itself shows that the bailiff never served the execution. The

return of the bailiff which is shown on the back of the execution is as follows: "The within named defendant · not found and no property of the within named defendant found in the City of Chicago on which to levy this writ, I therefore return the same no property found and no part satisfied this 15 day of Nov., 1926. Bernard W. Snow, Bailiff. By P. J. Dillon, Deputy." There was no evidence introduced on the hearing, but the judgment states it was entered on the garnishee's answer, and the only matter in the record on the subject of the execution was an allegation of the answer that it had been returned unsatisfied by the order of plaintiff's attorney. This allegation contradicts the return of the bailiff, which is in the record as above quoted, and such return cannot be contradicted in that manner. *Chapman v. North American Life Ins. Co.*, 292 Ill. 179; *Marabia v. Mary Thompson Hospital of Chicago for Women and Children*, 309 Ill. 149. The return, we think, shows that the demand was made on all the defendants and it was merely a clerical error on the part of the deputy in failing to add the letter "s" after the word "defendant" where it appears in the return.

It is contended that the judgment against the garnishee is erroneous in that it is for $378.60, while the original judgment was for $300. There is no merit in this contention. The record shows that the $78.60 was made up of interest computed upon the original judgment. A further argument seems to be that the judgment debtor, Walter J. Jadczak, whose account is being garnisheed, did not have an opportunity to claim his exemption of $400 because the execution was not served upon him. We have heretofore held that demand was made upon him. Moreover, it was the duty of the garnishee to claim his exemption, if any. *Rumbold v. Supreme Council Royal League*, 206 Ill. 513; *Chicago & A. R. Co. v. Ragland*, 84 Ill. 375.

The garnishee further contends that the return of the sheriff on the garnishee summons showed service on the "Roseland State Bank," and not on the "Roseland State Savings Bank," the garnishee. This point is without merit. The Roseland State Savings Bank was served, appeared, and filed its answer.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.