Isaac Bloom, Appellee, v. Mrs. John A. Kahl, Metropolitan Life Insurance Company, Garnishee, Appellant.

Gen. No. 33,592.

Opinion filed January 6, 1930.

HOYNE, O'CONNOR & RUBINKAM, for appellant.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Isaac Bloom brought an action of attachment against Mrs. John A. Kahl to recover $165 which he claimed to be due for rent for the premises known as 5618 West Division Street, Chicago. The affidavit for attachment set up that after allowing all just credits and set-offs, defendant was indebted for rent in the sum of $165, and that the defendant was about to depart from this State with the intention of having her effects removed from this State. A summons was issued in which the Metropolitan Life Insurance Company was named as garnishee. The bailiff's return shows that he was unable to find any property of the defendant on which to levy the writ and that the garnishee was served.

Mrs. Kahl, the defendant, was served by publication. She did not enter her appearance and judgment by default was entered against her.

The garnishee filed an answer stating that it held no property belonging to the defendant, and on a trial before the court without a jury, the court found the issues against the garnishee and that there was $171.10 due and owing from the garnishee to the defendant. Judgment was entered on this finding and the garnishee appeals.

On February 14, 1929, the garnishee filed its sworn answer, in which it stated that it had no property in its possession belonging to the defendant. It however admitted that it had a check "payable to Mamie Kahl, which has been delivered to her, but has no information as to whether Mamie Kahl and Mrs. John A. Kahl are one and the same persons." The case went to trial on March 8, 1929, and at the close of the plaintiff's evidence the garnishee apparently having no evidence to offer, the court stated that there would be a judgment against the garnishee for $165. Thereupon, counsel for the garnishee stated he would like to file a "complete answer, file an amended answer before judgment is entered, for this reason. This is not a garnishment suit. We are brought in as garnishee by virtue of the attachment writ." After considerable discussion between court and counsel, the court ordered that the garnishee be given time within which to file its amended answer and the case was continued. An amended answer was filed in which it was stated that the garnishee had no funds belonging to the defendant and some other matters which will be hereinafter mentioned. When the case came up for disposition, some time after the amended answer was filed, the court asked counsel for the garnishee if he had any evidence to offer. Counsel then stated what they had set up in their amended answer, and further, that since these matters were sworn to in the answer, they must be considered as true and no evidence was needed. Afterwards the garnishee offered in evidence a copy of the attachment writ which was served upon it, and the court certified that in considering the case he took into the case the consideration of Rule 10 of the municipal court, which is in the record.

Whatever may be the procedure when the garnishee filed a sworn answer, which is not denied, has no application here because the evidence had all been heard by

the court before its amended answer was filed and obviously the filing did not wipe out all the evidence.

The evidence shows that the garnishee had issued its policy on the life of John Kahl and that after his death claim was made for the proceeds of the policy and it was paid by the garnishee to Mamie Kahl, 1304 North Pine Street, Chicago, after the service on the garnishee, and the evidence shows that Mamie Kahl was John Kahl's wife. There is no merit in the contention that the evidence fails to show that the garnishee was not indebted to Mrs. John A. Kahl, the defendant. The garnishee itself paid Mamie Kahl (Mrs. John Kahl) after it was served with the writ in this case. Something also is said in the brief that the garnishee was misled by counsel for the plaintiff as to what money plaintiff was trying to reach in the hands of the garnishee. If there were any duty on the plaintiff to point out this fact to the garnishee, we think the record discloses they acted in perfect good faith and did not in any way mean to mislead the garnishee. In answer to a letter from counsel for the garnishee, inquiring as to what money plaintiff desired to reach, plaintiff's counsel replied that there was a check payable to Mrs. John A. Kahl in the hands of the manager of the garnishee in its office at 5201 West 26th Street, Cicero. There is nothing in the record that indicated that this was not the fact. However, we think it clear that it was not the duty of plaintiff to point out to the garnishee the precise place where the check, the proceeds of which it sought to reach, was located. The garnishee ought to so conduct its business that when it is advised of the policy involved, this would be sufficient.

It also contended that the summons which was served on the garnishee was not in accordance with Rule 10 of the municipal court. Rule 10 provides:

"In All Garnishment Cases: Every garnishee upon coming into court shall be required to file a writ-

ten appearance; provided, the sworn answer of a corporation shall be deemed a sufficient appearance.

"In all garnishment cases the copy of the writ to be left with the garnishee shall bear an endorsement of the business of the principal defendant, with his (or its) business and residence address so far as known, together with the date and amount of the judgment and the costs to date of writ."

It is obvious that this rule does not apply in attachment cases and therefore has no application here.

A further contention is made by garnishee that since service was had on the defendant, Mrs. Kahl, by posting a notice, and since she did not enter her appearance, "the Municipal Court has no jurisdiction to enter judgment against the original defendant as the grounds for attachment set forth in the attachment affidavit are not mentioned in the Municipal Court Act"; and particularly section 48 of that act. The answer to this is that there are no grounds for attachment mentioned in the Municipal Court Act. Section 48 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 436, has to do with the service on the principal defendant by posting or publication. All grounds for attachment are mentioned in section 1 of the Attachment Act (sec. 1, Cahill's St. ch. 11).

What is said by counsel for the garnishee, that all proceedings in attachment must be in strict conformity with the Statute on Attachment, and that where there is no personal service on the principal defendant but service is by publication, there must be a *res* in the hands of the garnishee, is obviously sound. But as stated, the evidence discloses that there was a *res* in the hands of the garnishee at the time of the service of the writ upon it and that it was afterwards paid Mrs. Kahl.

Defendant was served by posting notices as provided by section 48 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 436, and the record discloses that the

clerk mailed a notice to the defendant at 5618 West Division Street, Chicago. And the garnishee's position seems to be that since the evidence discloses that the principal defendant lived at 1304 North Pine Street, Chicago, this rendered the service on the defendant invalid. The argument seems to be based on the theory that in the affidavit for attachment, the defendant's address was given as 5618 West Division Street, but an examination of the affidavit discloses that this is not the fact, for it there appears that plaintiff was claiming rent from the defendant for the premises at 5618 West Division Street and not that that was defendant's place of residence to which notice might be sent by the clerk of the municipal court, under section 48.

A further contention made by the garnishee, that all portions of the record must be proven to sustain a judgment against garnishee is without merit. All of the record was before the court and obviously needs no proof. *Boksa v. Buchaniec,* 245 Ill. App. 602.

But, upon looking into the record we find that in the affidavit for attachment there is no averment as to the residence of the defendant, Mrs. Kahl, nor is it stated that she is not a resident of this State, or has departed from this State, or on due inquiry cannot be found, or is concealed within the State so that process cannot be served upon her. In the absence of at least one of such allegations, there was no warrant for serving her by posting notices, nor was there any warrant in mailing the notice to 5618 West Division Street, because there was no averment that the defendant lived there at any time. There being no service upon the defendant, the judgment against her was void and where a garnishee is served in an attachment proceeding, no valid judgment can be entered against it where the judgment of the principal defendant is void. *Rabbitt v. Weber & Co.,* 297 Ill. 491. In the *Rabbitt* case it was held that a notice of an attachment case

was insufficient to confer jurisdiction on the defendants where the notice was mailed to a place where the defendants did not reside and where there was no statement in the affidavit for attachment as to the place of residence of the defendant. In that case it was held that the judgment against the principal defendant was void. That case is precisely in point and the rule announced there renders the judgment in this case void. We think we ought to say that this point was not mentioned in the trial court.

The judgment of the municipal court of Chicago is reversed and the cause is remanded.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.