Norman Cohen et al., Appellants, v. North Avenue
State Bank et al. First National Bank of Chicago,
Appellee.

Gen. No. 40,806.

Heard in the first division of this court
for the first district at the October term, 1939. Opinion filed
April 8, 1940. Rehearing denied April 22, 1940.

JACOBSON, MERRICK, NIERMAN & SILBERT, ISIDORE BROWN, DECKER & GOLDEN, OWEN, O'MALLEY, MC-KEOWN & ALLEN, HAROLD L. PERLMAN, MARVIN J. WELFELD and IRVING GOODMAN, all of Chicago, for certain appellants; IRVING GOODMAN and DAVID SILBERT, of counsel.

MCCARTHY & TOOMEY and ISADOR BECKER, all of Chicago, for certain other appellants; ISADOR BECKER and JAMES C. O'BRIEN, JR., of Chicago, of counsel.

AMBERG, OTT, DAHLIN & LIVINGSTON, of Chicago, for appellee; RALPH J. MOHAN and FRANK L. PAUL, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Certain creditors of the North Avenue State Bank brought suit in equity on behalf of themselves and other creditors against former and final stockholders of the bank to enforce the statutory and constitutional liability of the stockholders. The bank was being liquidated by the Auditor of Public Accounts who had filed a suit for that purpose in the circuit court of Cook county. *Cohen v. North Ave. State Bank*, 291 Ill. App. 558. February 25, 1937, a decree was entered finding the respective amounts due from the stockholders (82 in number) and decreeing that payment be made by them to Milton Johnson and A. A. Mueller, as receivers. Thereafter execution was issued against each of the stockholders held liable and returned by the sheriff "No part satisfied." Afterward, November 10, 1938, an affidavit for garnishment made by one of the attorneys for the creditors was filed which set up the entry of the decree against 48 of the defendants, and the amount for which each was held liable. It further set up the return of the executions; that the 48 defendants had no property within the knowledge of the affiant li-

able to execution but that he had just reason to believe certain banks, naming 27 different banks located in Chicago and Evanston, including the First National Bank of Chicago, as garnishees, were indebted to the 48 mentioned defendants. By the affidavit affiant apparently sought to follow the provisions of sec. 1, ch. 62, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.284]. Garnishee summons was issued and apparently served on the 48 garnishees, one of which was the First National Bank of Chicago. November 28, interrogatories to the garnishees were filed and December 7, 1938, the First National Bank of Chicago filed its motion to quash the garnishment summons and to discharge it as garnishee. March 3, the court sustained the motion, discharged the First National Bank, as garnishee, and the plaintiff creditors and receivers appeal.

Counsel for the garnishee contend (1) that the garnishment proceeding is based on 48 separate and distinct judgments against 48 defendants and in different amounts and therefore is not authorized by the Garnishment statute (sec. 1, ch. 62, Ill. Rev. Stat. 1939); and (2) that "The affidavit filed for the issuance of garnishment . . . is in the nature of a discovery and does not appear to be predicated upon such reasonable belief as is required by Section 1, Chapter 62" of the Garnishment Act.

(1) The liability imposed by the constitution of Illinois upon stockholders of a State bank is an individual liability on the part of each stockholder to each creditor of the bank. *Golden v. Cervenka*, 278 Ill. 409. Counsel for the garnishee say, "The question arises whether or not this decree constitutes one judgment against all the defendants, or a separate judgment against each of the defendants." Counsel contend that the decree so far as it is involved in this garnishment proceeding, constitutes 48 separate and distinct judgments and that sec. 1 of the Garnishment Act only authorizes garnishment proceedings where there is but

one judgment. That section, so far as pertinent here, provides: "Whenever a judgment shall be rendered by any court of record, . . . and an execution against the defendant or defendants in such judgment shall be returned by the proper officer 'No property found,' on the affidavit of the plaintiff, or other credible person, being filed with the clerk of such court . . . that said defendant or defendants has or have no property within the knowledge of such affiant, in his or their possession, liable to execution, and that such affiant hath just reason to believe that any other person is indebted to such defendant, or defendants, or to either or any of such defendants, or hath any effects or estate of such defendant, or defendants or of either or any of such defendants, in his possession, custody or charge, it shall be lawful for such clerk . . . to issue a summons against the person supposed to be indebted to, or supposed to have any of the effects or estate of said defendant, or defendants, or of either or any of such defendants, commanding him to appear before said court . . . as a garnishee; and said court . . . shall examine and proceed against such garnishee or garnishees, in the same manner as is required by law against garnishees in original attachments. If the garnishee is indebted to or has any effects or estate of a part only of such defendants, judgment shall be against the garnishee in favor of such part of the defendants for the use of the plaintiff."

In *Levinson v. Home Bank & Trust Co.*, 337 Ill. 241, 243, the court said: "It has been uniformly held by this court that the garnishment process is purely a creature of statute. (*Siegel-Cooper & Co. v. Schueck*, 167 Ill. 522.) Therefore, in order to determine the extent and scope of such process it is necessary to resort to the statute which creates it." To the same effect is *Wheeler v. Chicago Title & Trust Co.*, 217 Ill. 128, 135, where the court said: "The remedy by garnishment is purely legal and every case must be brought within the

scope of the statute, and whatever the effect may be the words of the statute must control."

In the *Siegel-Cooper & Co.* case, decided in 1897, it was held that a judgment creditor of two individuals could not maintain garnishment on his judgment and reach a debt due from the garnishee to one of the judgment debtors because it was not authorized by sec. 1 of the Garnishment Act, but after the decision in that case that section was amended in 1923 so as to permit a judgment creditor who had a judgment against several defendants to garnishee a person or corporation that owed money to any one of the defendants. (See sec. 1, above quoted; *Boska v. Buchaniec,* 245 Ill. App. 602.) That section has not been changed since that time.

It has often been said that the garnisheeing judgment creditor stands in the shoes of the judgment debtor; that the judgment debtor is really the plaintiff and according to the approved practice, when judgment goes against the garnishee it is entered in favor of the judgment debtor for the use of the garnisheeing creditor. *Bartell v. Bauman,* 12 Ill. App. 450. Obviously this is so, but it is also often said that one of the tests whether the garnishee is liable is: Could the judgment debtor maintain an action against the garnishee? This is still the rule where there is but one judgment debtor (*Siegel-Cooper & Co. v. Schueck,* 167 Ill. 522), but since the amendment to sec. 1 of the Garnishment Act in 1923, that rule does not apply where there is more than one judgment debtor and the garnishee is indebted to but one of them. *Boska v. Buchaniec,* 245 Ill. App. 602; *Alexander v. Live Stock Nat. Bank,* 282 Ill. App. 315.

In support of the garnishee's contention that sec. 1 of the Garnishment Act does not authorize garnishment where there is more than one judgment, counsel cite *Walker v. Montgomery,* 236 Ill. 244; *Hoier v. Kaplan,* 313 Ill. 448, where it was held that "a judgment at law is a unit. A decree in equity may have the effect of

several separate decrees," and that in the instant case there are several (48) separate judgments in the decree; that sec. 1 of the Garnishment Act only authorizes garnishment where there is "a judgment" and not several judgments.

These two cases are cited to the proposition that there is a distinction between a judgment at law and a decree in equity. No question of garnishment was involved in either case. We think it clear that if there were several separate judgments entered in separate actions the judgment creditor in those actions could not maintain garnishment in one proceeding but would have to bring separate garnishment in each case in which the judgment was rendered. The contention of counsel for the garnishee that garnishment will not lie on several separate judgments rendered in separate actions is sound. But that does not answer the question before us.

It is conceded, as indeed it must be, that in the instant case, garnishment would lie if a separate affidavit for garnishee summons, and separate interrogatories were filed as to each stockholder against whom the decree ran. That would require the filing of 48 separate affidavits for garnishee summons and 48 sets of interrogatories, and the First National Bank, the garnishee, would be required to answer 48 different times. This ought not to be unless such procedure is compelled by sec. 1 of the Garnishment Act. We think such procedure is not required by that section as applied to the facts in the instant case.

And we might add the fact that counsel for plaintiffs had a separate execution issued against each stockholder held personally liable by the decree is of no importance because there is no reason why one execution could not have been drawn in which all of the stockholders might be named, and the amount of their several liabilities stated.

Here there was but one suit brought against stockholders of the bank and but one decree entered finding

each stockholder liable for a specific amount, depending upon the number of shares held and the unpaid liabilities of the bank which accrued during the period the stock was held by each stockholder.

It has been held that the word "judgment" as mentioned in sec. 1 of the Garnishment Act includes not only a judgment in the technical sense, but also includes a decree for the payment of money entered in a chancery suit as well. *Ihorn v. Wallace,* 88 Ill. App. 562. In that case, Ella and Joseph Ihorn and others brought a suit in chancery against John H. Ihorn and others in the circuit court of Monroe county resulting in a decree which awarded Ella Ihorn $75 and Joseph $335 against John H. Ihorn. An execution was issued for the collection of the two amounts and returned by the sheriff, "No property found." Afterward Ella and Joseph Ihorn instituted garnishment proceedings based on the decree against Coke B. Wallace who was claimed to be a debtor of John H. Ihorn. Wallace, the garnishee, answered admitting he was indebted to John H. Ihorn for $344.50. The court discharged the garnishee for the reason, apparently, that it was not based on a "judgment" as mentioned in the statute but on a decree in favor of two defendants for distinct amounts. On appeal the judgment of the trial court was reversed and the cause remanded with directions. The court there said: "The first question arising upon this record is whether the decree rendered in the chancery proceeding is such a judgment as may be collected by garnishment. Sec. 1, Chap. 62, of our statutes, provides that 'whenever a judgment shall be rendered by any court of record . . . and an execution against the defendant in such judgment shall be returned . . . "no property found" ' then, upon the filing of a proper affidavit, garnishee summons may issue. The decree is a money decree, *in personam,* for specific amounts, and ordered collected by general execution. The garnishment act is remedial in its character and should receive a liberal interpretation, so that the remedy may

be promoted and its purposes subserved. *Luton v. Hoehn, for use, etc.,* 72 Ill. 81. A party has a right to the same remedies to enforce the collection of decree in chancery *in personam* for a specific sum of money, as he has to enforce collection of a judgment at law. *Weightman et al. v. Hatch,* 17 Ill. 281. We can perceive no reason why a personal money decree rendered by a court of equity is not a judgment of a court of record, within the meaning of the word 'judgment' as used in the garnishment act.'' The judgment of the circuit court was reversed with directions to enter judgment against the garnishee for the use of Ella Ihorn for the $75, the decree in favor of Joseph Ihorn for $335 having been settled in the meantime.

We think plaintiffs were authorized to institute garnishment proceedings based on the decree by virtue of sec. 1 of the Garnishment Act, and the court erred in holding to the contrary.

(2) Does the affidavit on its face show that the ''affiant hath just reason to believe that the 27 banks (naming them), are indebted to said defendants herein for the estate or effects of said defendants in their hands.'' The 27 banks named in the affidavit are: (1) Aetna State Bank, (2) American National Bank & Trust Co. of Chicago, (3) Austin State Bank, (4) Chicago City Bank & Trust Co., (5) City National Bank & Trust Co. of Chicago, (6) Continental-Illinois National Bank & Trust Co. of Chicago, (7) Cosmoplitan National Bank of Chicago, (8) Drexel State Bank of Chicago, (9) First National Bank & Trust Co. of Evanston, (10) First National Bank of Chicago, (11) Harris Trust & Savings Bank, (12) Lake View Trust & Savings Bank, (13) Lake Shore Trust & Savings Bank, (14) Lawndale National Bank of Chicago, (15) Live Stock National Bank of Chicago, (16) Madison Crawford National Bank, (17) Main State Bank, (18) Merchandise National Bank, (19) Mid-City National Bank of Chicago, (20) Milwaukee Avenue National Bank,

(21) National Security Bank of Chicago, (22) The Northern Trust Co., (23) The North Shore National Bank of Chicago, (24) Pioneer Trust & Savings Bank, (25) The South East National Bank of Chicago, (26) Uptown State Bank, and (27) Upper Avenue National Bank of Chicago. The affidavit avers the affiant "has just reason to believe" that these 27 banks (which are located throughout Chicago except one which is in Evanston) are indebted to the 48 persons found liable by the decree.

The area in which the 27 banks are located contains a population of about 3,500,000 and we think it is so self-evident that even the court will take judicial notice of the fact that one practicing lawyer in Chicago did not have just reason to believe that the 27 banks were indebted to the 48 persons. We agree with the statement of counsel for the garnishee: "we can justly conclude that the legislature did not intend that garnishment be used for discovery or 'fishing expeditions.' " We think the court did not err in sustaining the garnishee's contention on this ground.

Plaintiffs contend that the garnishee's motion to quash was fatally defective because it was not supported by an affidavit. The contention cannot be sustained. Sec. 48 [172] Civil Practice Act [Ill. Rev. Stat. 1939; Jones Ill. Stats. Ann. 104.048].

For the reason that the affidavit on its face shows the affiant did not have reason to believe the 27 banks, or some of them, were indebted to the judgment debtors, as above stated, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

McSURELY, J., concurs.

MATCHETT, P. J.: I concur in the result.