Armin F. Hillmer et al., Appellants, v. Chicago Bank of Commerce et al. Michael J. O'Brien et al., Appellees.

Gen. Nos. 40,819—40,822.

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed April 8, 1940. Rehearing denied April 22, 1940.

Leonard & Leonard, of Chicago, for appellants; Gordon McLeish Leonard, George Edward Leonard and Ernest E. Freeman, Jr., of Chicago, of counsel.

Levy & Lawrence, Campbell, Clark & Miller, Taylor, Miller, Busch & Boyden and Cameron, Heath & Burry, all of Chicago, for appellees; John R. Heath, J. Arthur Miller, James J. Lawrence, Richard V. Henry, Jr. and Richard C. Bleloch, all of Chicago, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

The Chicago Bank of Commerce was being liquidated by the Auditor of Public Accounts and certain of its creditors brought a representative suit on behalf of themselves and other creditors of the bank against the stockholders to enforce the superadded constitutional and statutory liability of the stockholders. After the cause was at issue the matter was referred to a master in chancery who took the evidence, made up his report and recommended that a decree be entered adjudging the stockholders liable for specific amounts. Afterward, September 17, 1938, a decree was entered substantially in accordance with the recommendation of the master. *Hillmer v. Chicago Bank of Commerce,* 303 Ill. App. 43. The decree lists the stockholders and the amount each is decreed to pay. These amounts are 146 in number. October 14, 1938, executions were issued and after demand for payment made by the sheriff they were returned "no part satisfied." Afterward, January 30, 1939, four affidavits for garnishment summons were filed in the suit. In each affidavit a brokerage firm, doing business in Chicago, was named as garnishee. At the time the affidavits were filed, plaintiffs filed interrogatories, one addressed to each of the four garnishees. The summons were served and afterward each of the garnishees filed a motion to quash the

garnishee summons and to dismiss the garnishment proceeding "upon the grounds of improper joinder of separate and distinct judgments in one garnishment proceeding and lack of the necessary jurisdictional elements." March 10, 1939, the court sustained the motions, entering four separate orders, one as to each garnishee. The garnishees were discharged and plaintiffs took four separate appeals. Four records were filed in this court and, upon motion, they were consolidated by orders of this court and submitted on one set of abstracts and briefs. The question involved in each case is identical.

Counsel for the garnishees contend the judgment should be affirmed for the reason that (1) "Neither the Garnishment act nor the Civil Practice Act authorizes the joinder of several and distinct judgments against several and distinct defendants in one garnishment action," and (2) "The motion to quash the garnishment summons and discharge the garnishees was properly sustained because of the lack of a proper affidavit."

(1) Counsel for the garnishees, in their brief say, "In each of these four causes the plaintiffs attempted to join in one garnishment action 154 stockholder liability judgment debtors and require each of the four garnishees to answer as to such assets as they might have belonging to each of the 154 judgment debtors. Thus the plaintiffs were attempting to join in one garnishment action 146 separate, distinct and unconnected judgments against 154 separate, distinct and unconnected defendants for various amounts," and that such a proceeding is not authorized by sec. 1 of the Garnishment Act (sec. 1, ch. 62, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.284]).

In *Freeport Motor Casualty Co. v. Madden*, 354 Ill. 486, 489, it is said: "Garnishment is a statutory proceeding unknown to the common law. The jurisdiction of our courts in such a proceeding is not exercised according to the course of the common law and it cannot be extended to cases beyond the provisions of the stat-

ute. (*Siegel, Cooper & Co. v. Schueck,* 167 Ill. 522.) It has been said that the proceeding is an anomaly. Whether or not it is a legal or equitable action the authorities are not agreed. (12 R. C. L. 776.) It is in the nature of a proceeding *in rem* but moves against a garnishee *in personam.* It is not an independent proceeding but is ancillary or auxiliary. It depends upon another proceeding in law or equity. It is entirely remedial, and is resorted to either in aid of a pending action or in aid of an execution issued on a judgment already recovered.''

In *Chanute v. Martin,* 25 Ill. 63, 65, the court said in speaking of a garnishment proceeding: ''This whole proceeding is in the nature of process to obtain satisfaction of a judgment.'' It has a number of times been said by the Appellate Court that a garnishment proceeding, although brought on the law side of the court, is a statutory one and in its nature equitable. *Brown v. First Nat. Bank,* 271 Ill. App. 424.

The liability imposed by the constitution of Illinois upon stockholders of a State bank is an individual liability on the part of each stockholder to each creditor of the bank. *Golden v. Cervenka,* 278 Ill. 409.

The pertinent part of sec. 1 of the Garnishment Act provides: ''Whenever a judgment shall be rendered by any court of record, . . . and an execution against the defendant or defendants in such judgment shall be returned by the proper officer 'No property found,' on the affidavit of the plaintiff, or other credible person, being filed with the clerk of such court . . . that said defendant or defendants has or have no property within the knowledge of such affiant, in his or their possession, liable to execution, and that such affiant hath just reason to believe that any other person is indebted to such defendant, or defendants, or to either or any of such defendants, or hath any effects or estate of such defendant, or defendants or of either or any of such defendants, in his possession, custody or charge, it shall be lawful for such clerk . . . to issue a summons

against the person supposed to be indebted to, or supposed to have any of the effects or estate of said defendant, or defendants, or of either or any of such defendants, commanding him to appear before said court . . . as a garnishee; and said court . . . shall examine and proceed against such garnishee or garnishees, in the same manner as is required by law against garnishees in original attachments. If the garnishee is indebted to or has any effects or estate of a part only of such defendants, judgment shall be against the garnishee in favor of such part of the defendants for the use of the plaintiff.''

In *Siegel, Cooper & Co. v. Schueck,* 167 Ill. 522, decided in 1897, it was held that a judgment creditor of two persons could not maintain garnishment on his judgment to reach a debt due from the garnishee to one of the judgment debtors because it was not authorized by sec. 1 of the Garnishment Act.

After the decision in that case, the scope of sec. 1 was broadened by the legislature by amending that section in 1923 so as to permit a plaintiff who had a judgment against several defendants to garnishee any party who was indebted to any one of the defendants. *Boska v. Buchaniec,* 245 Ill. App. 602. That section has not been changed since that time.

It has often been said that the judgment creditor stands in the shoes of the judgment debtor; that the judgment debtor is really the plaintiff and according to the approved practice when judgment goes against the garnishee it is entered in favor of the judgment debtor for the use of the garnisheeing creditor. *Bartell v. Bauman,* 12 Ill. App. 450. This is the approved practice. But it is also often said in opinions of courts of review of this State that unless the judgment debtor could maintain an action against the garnishee the proceeding will not lie and the garnishee must be discharged. This is the correct rule where there is but one judgment debtor. *Siegel, Cooper & Co. v. Schueck,* 167 Ill. 522. But since the amendment to sec. 1 of the

Garnishment Act that rule does not apply where there is more than one judgment debtor and the garnishee is indebted to but one of them. *Boska v. Buchaniec,* 245 Ill. App. 602; *Alexander v. Live Stock Nat. Bank,* 282 Ill. App. 315.

We think it is clear that one garnishment proceeding cannot be maintained if it is based on several judgments entered in separate suits or actions. In such case, plaintiff would be obliged to bring a separate and independent garnishment proceeding in each case. But in the instant case the question remains whether there are "146 separate, distinct and unconnected judgments" as counsel for garnishees contend or whether there is but one decree made up of 146 separate items, which in effect, constitute but one judgment within the meaning of sec. 1, as counsel for plaintiff contend. It seems clear that in the case at bar, garnishment would lie if plaintiff had filed a separate affidavit for garnishment summons and separate interrogatories whereby it was sought to determine whether the brokerage house named as garnishee was indebted to any one of the stockholders held liable by the decree. If this procedure were followed, it would require the filing of 146 separate affidavits and the same number of sets of interrogatories and each of the four garnishees would be required to make and file 146 answers. This method of administering justice ought not to be countenanced unless required by sec. 1 of the Garnishment Act. Here there was but one suit brought against the stockholders of the bank and but one decree entered finding each stockholder liable for a specific amount depending upon the number of shares held and the unpaid liabilities of the bank which accrued during the period the stock was held by each stockholder. We think the "judgment" mentioned in sec. 1 includes not only a judgment entered in an action at law but also a decree rendered in a suit in equity and all items of such decree. This was, in effect, the holding in *Ihorn v. Wallace,* 88 Ill. App. 562.

In that case Ella and Joseph Ihorn and others, filed suit against John H. Ihorn and others in the circuit court of Monroe county in which a decree was entered awarding Ella $75 and Joseph $335 against John H. Ihorn. An execution was issued for the collection of the two amounts and returned by the sheriff ''no part satisfied.'' Afterward Ella and Joseph instituted garnishment proceedings against Coke B. Wallace who was claimed to be indebted to John H. Ihorn. The garnishee answered admitting he owed John H. Ihorn $344.50. But the trial court discharged the garnishee apparently for the reason that the garnishment was not based on a ''judgment'' as mentioned in the statute but on a decree in favor of two defendants for two distinct amounts. The Appellate Court reversed the judgment and remanded the cause with directions. The garnishee was held liable. The court there said:

''The first question arising upon this record is, whether the decree rendered in the chancery proceeding is such a judgment as may be collected by garnishment. Sec. 1, Chap. 62, of our statutes, provides that 'whenever a judgment shall be rendered by any court of record . . . and an execution against the defendant in such judgment shall be returned . . . ''no property found,'' ' then, upon the filing of a proper affidavit, garnishee summons may issue. The decree is a money decree, *in personam,* for specific amounts, and ordered collected by general execution. The garnishment act is remedial in its character and should receive a liberal interpretation, so that the remedy may be promoted and its purposes subserved. *Luton v. Hoehn, for use, etc.,* 72 Ill. 81. A party has a right to the same remedies to enforce the collection of decree in chancery *in personam* for a specific sum of money, as he has to enforce collection of a judgment at law. *Weightman et al. v. Hatch,* 17 Ill. 281. We can perceive no reason why a personal money decree rendered by a court of equity is not a judgment of a court of record, within

the meaning of the word 'judgment' as used in the garnishment act."

We might add that although sec. 1 of the act mentions an "execution" and not "executions," the fact that counsel for plaintiffs had a separate execution issued against each stockholder who was held personally liable by the decree, is of no importance because we see no reason why one execution could not have been prepared in which all of the stockholders would be named and the amounts of their several liabilities stated.

We think plaintiffs were authorized to institute garnishment proceedings based on the decree by virtue of the provisions of sec. 1 of the Garnishment Act, and the court erred in holding to the contrary.

(2) Was the affidavit for garnishee summons a sufficient compliance with sec. 1 of the Garnishment Act? Counsel for the garnishees contend it was not because the statute requires that the person making the affidavit "hath just reason to believe that any other person is indebted to such defendant, or defendants or to either or any of such defendants, or hath any effects or estate of such defendant, or defendants, or of either or any of such defendants, in his possession, custody or charge." And in support of the contention counsel say that an examination of the affidavit, after reading the above excerpt from the statute shows "It is impossible for any reasonable person to believe that the affiant who executed the affidavit for garnishment summons could have had just reason to believe that any one of these four brokerage houses was indebted to the 154 defendants. It is contrary to human experience that the affiant could have had any such belief, and this court is not obliged to indulge any such presumption." The affidavit is made by one of plaintiffs' counsel. It names the 154 persons and the 146 sums due from such persons; that an execution had been issued and returned by the sheriff "no property found"; that the "defendants have no property within the knowledge of this affiant in their possession, liable to execution; that

this affiant has just reason to believe that [Paine, Webber & Co.] is indebted to said defendants, or to any of said defendants.''

The substance of the affidavit is that the affiant had ''just reason to believe'' that the garnishee, Paine, Webber & Co., were indebted ''to any of the defendants,'' i. e., any one of the 154 persons held liable in the decree. We think it cannot be said that it is obvious that the affiant had insufficient knowledge to swear he had just reason to believe Paine, Webber & Co. was indebted to any one of the 154 persons. We hold the affidavit was sufficient.

The judgment of the superior court of Cook county is reversed in each of the four appeals, and the matters remanded with directions to each of the garnishees to answer the interrogatories.

*Reversed and remanded with directions.*

McSurely, J., concurs.

Matchett, P. J., dissents.