Armin F. Hillmer et al., Appellees, v. Chicago Bank of Commerce et al. Robert J. Graf, Appellant.

Gen. No. 43,401.

Heard in the first division of this court for the first district at the June term, 1945. Opinion filed October 15, 1945. Rehearing denied October 30, 1945. Released for publication October 30, 1945.

JEROME F. DIXON, of Chicago, for appellant.

OWENS & OWENS, SEYFARTH & ATWOOD, MURPHY & PEARSON, LEONARD & LEONARD, JOHN A. RUSSELL, and GEORGE A. CURRAN, all of Chicago, for appellees; THOMAS L. OWENS and GEORGE E. LEONARD, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

August 10, 1944, Robert J. Graf filed his second amended petition (hereafter referred to as the petition) on behalf of himself and other stockholders,

,alleging that he had paid more than his constitutional liability as a stockholder of the bank and that the amount of such overpayment be refunded out of the funds in the hands of the receiver to him and to other stockholders who are similarly situated. Hillmer, and some of the other plaintiff creditors, filed their motion to dismiss the complaint setting up various legal grounds and on November 2, 1944, the motion was sustained, the petition dismissed and Graf prosecutes this appeal.

June 25, 1932, certain creditors of the Chicago Bank of Commerce, brought suit against Graf and other stockholders to enforce the constitutional liability of the stockholders. The bank was then being liquidated by the Auditor of Public Accounts in a suit brought by him. Some of the matters are still undisposed of and pending in the trial court. Various phases of the matter have been before courts of review a number of times. *Hillmer v. Graf, et al.*, 294 Ill. App. 612, (abst.); 303 Ill. App. 43; 304 Ill. App. 430; 316 Ill. App. 411; 375 Ill. 266.

Graf in his petition alleges that the master in chancery to whom the stockholders' liability cause was referred, filed his report April 7, 1937, and fixed Graf's liability at $134,563.20, and on July 30, 1937, upon the petition of Graf, the court entered a "decretal order" which is attached to and made a part of the petition, in which the pleadings in the case are recited and the intervening petition of Graf; that the suit was brought to recover from the stockholders the liability imposed upon them by the constitution; that the master had fixed Graf's liability at $134,563.20 that the court finds the report of the master in this respect was erroneous and that Graf's liability was not to exceed $75,000. The court further found that the receiver, with the approval of the court, had in-herent power to make compromises, etc.; that Graf

had offered to pay the receiver representing the creditors, $56,250, in full satisfaction and discharge of his liability; that the offer was fair and reasonable and its acceptance had been recommended by the receiver, and it was decreed that Graf pay the receiver in full satisfaction of his liability the $56,250 in cash, and that other creditors be enjoined from further proceedings against him. An appeal was taken to this court where the decretal order was reversed and the cause remanded, 294 Ill. App. 612 (abst.).

The petition further alleges that on September 17, 1938, a final decree was entered approving the master's report [but Graf's liability is not mentioned] and an appeal taken to this court where the decree was affirmed December 22, 1939, 303 Ill. App. 43. A further appeal was prosecuted to the Supreme court where on December 16, 1940 (375 Ill. 266) the judgment of this court was affirmed in part, reversed in part and remanded with directions. The effect of the Supreme court decision was to reduce the liability of Graf and some of the other stockholders.

It is further averred in the petition that after the judgment of this court was entered the trial court entered a decree May 27, 1940, which is attached to and made a part of the petition, in which the court found that "all of the attorneys of record for the representative plaintiffs in this case are present in open court and have consented in open court to the entry of this decree;" that Graf had paid the $56,250 to the receiver, and by his petitions subsequently filed May 20 and May 27, 1940, offered $95,000 in full settlement of his liability as stockholder of the bank; that the offer was conditioned upon its immediate acceptance on behalf of all the creditors of the bank, their attorneys and the receiver; that all of the attorneys and the receiver consented to the acceptance of the offer and it was decreed that the offer be accepted in full settlement of Graf's stockholder liability and that

he pay the bank $38,750, the balance of the $95,000 which the decree finds he did, and it was accepted and approved.

The petition further avers that the receiver collected $945,352.50, substantially all of which was from the stockholders on account of their liability, and that he had paid the receiver in the liquidation suit, $405,805.41; that he had also paid out costs and expenses totalling $428,839.31, and that there remains in the hands of the receiver appointed in the creditor's suit $110,647.54. It is out of this latter sum that plaintiffs seek to be reimbursed.

The decree of May, 1940, was entered about 6 months after the affirmance by this court of the decree of the trial court in which Graf's liability was not mentioned, but before the judgment of this court was reversed in part on December 16, 1940, by the Supreme court.

On September 21, 1943, the Supreme court filed its opinion in *Holderman v. The Moore State Bank*, 383 Ill. 534, which was a suit brought to enforce the stockholders' liability of a bank in liquidation, and sometime after the stockholders' liability had been fixed, some of them filed their petition praying a refund on the ground that they had paid more than they were legally liable for. The court there said (p. 538): "The principal point for decision is whether stockholders of the bank are entitled to a refund where they paid to the creditors' receiver upon their constitutional liability a sum of money which, together with the amounts collected from the assets of the bank by the liquidating receiver, exceeded the sum due creditors for the periods during which they were stockholders." The Circuit court and the Appellate court in that case decided against the petitioners but on appeal the decision was reversed and the matter remanded, the court holding that under the law, a refund was proper

and said: "If it so happens the creditors' receiver collects more than is necessary, or dividends paid by the liquidating receiver reduce the amount for which judgment has been rendered, any sum held by the creditors' receiver in excess of the amount necessary to discharge the stockholders' liability is held in trust, and upon order of the court may, upon equitable principles, be returned." We are unable to find anything in the record before us that would render the law laid down in the *Holderman* case inapplicable here.

Plaintiffs have made a motion to dismiss the appeal on the ground that the order appealed from was only subject to review by an original bill in the nature of a bill of review and that the decree of May 27, 1940, is *res judicata* of all the issues sought to be raised. The motion was reserved to the hearing. We think there is no merit in the motion and it is denied.

The order of November 2, 1944, is reversed and the cause remanded for further proceedings in accordance with what we have said.

*Reversed and remanded.*

MATCHETT, P. J., and NIEMEYER, J., concur.